## J. P. Dieter v. T. M. Bowers.

### Decided January 11, 1905.

**1.—Notes—Indorsement—Findings of Fact—Presumption.**

Where the indorsement on the notes sued on was to "T. M. Bower," plaintiff's name being "T. M. Bowers," and there is no statement of facts, it will be presumed that the recital in the findings of the court, that plaintiff is the legal owner and holder of the notes sued on, was warranted.

**2.—Action on Notes—Notice.**

Where principal and interest notes were secured by a deed of trust reciting that, if default is made in the payment of either of the interest notes for so much as sixty days after maturity, the legal holder of the notes shall have the right to declare all of them due and payable, and proceed by suit to enforce payment and foreclose the lien, no notice of maturity, other than by the filing of suit, need be given.

**3.—Same—Same—Evidence.**

Testimony that plaintiff, otherwise than by the institution of suit, had never declared any of the principal notes due, that defendant was ready and willing to pay off any demand of plaintiff except the attorney's fees on the principal notes, and other testimony that, as soon as defendant received knowledge of the filing of suit, he tendered payment, was properly excluded.

Error from the District Court of El Paso. Tried below before Hon. J. M. Goggin.

*M. W. Coldwell,* for plaintiff in error.—The court erred in his second conclusion of law for the reason that, before plaintiff could mature the notes, not on their face due at the time of the institution of this suit, and collect the attorney's fees due thereon, he should have declared the same to be due, and the filing suit without such declaration was not such a declaration as to entitle plaintiff to recover the attorney's fees on notes not on their face due. . Luzenburger v. Bexar Bldg. Assn., 29 S. W. Rep., 237; Hammond v. Atlee, 39 S. W. Rep., 600; Smith v. Peckham, 28 S. W. Rep., 565.

*Clark, Hawkins & Franklin,* for defendant in error.—Defendant being in default more than sixty days in the payment of the said third interest note for $600, the plaintiff had the right, without presenting the other notes for payment to defendant, and without giving defendant any notice of his intention to mature the unpaid notes not yet by their terms due, to begin suit and collect the attorney's fee of ten percent. Lincoln v. Corbet, 72 S. W. Rep., 224; Tinsley v. Moore, 25 S. W. Rep., 148; Martin-Brown Shoe Co. v. Perrill, 77 Texas, 206; Luzenberg v. Association, 9 Texas Civ. App., 265; Hermes v. Vaughn, 3 Texas Civ. App., 607; Stansell v. Cleveland, 64 Texas, 660; Simmons v. Terrell, 75 Texas, 275; Morrill v. Hoyt, 83 Texas, 131; Miner v. Bank, 53 Texas, 559; Durst v. Swift, 11 Texas, 273; Yetter v. Hudson, 57 Texas, 604; Eakin v. Scott, 70 Texas, 442; Exchange Bank of Dallas v. Tuttle, 23 Pac. 241.

JAMES, Chief Justice.—The case comes here on conclusions of

fact filed by the trial judge, there being no statement of facts. The facts found, substantially stated, are as follows:

J. P. Dieter gave Mark Miller his four notes for $5,000 each, dated March 15, 1901, payable ten years after date to the order of said Miller at the State National Bank of El Paso, Texas, with interest from maturity at six percent per annum, each of said notes providing that, if not paid at maturity and collected by suit, an additional sum of ten percent on the amount thereof, as attorney's fees, should be paid. Interest on said notes up to the date of maturity was provided for by twenty interest notes of $600 each, given on same date by Dieter, all payable to the order of Mark Miller at the same bank, one of which matured every six months thereafter, and bore six percent interest per annum after maturity, each of which interest notes provides that, if not paid at maturity, and collected by an attorney or by suit, an additional ten percent thereon, as attorney's fees, should be paid.

This suit was brought on March 16, 1903, at which time Dieter had paid the first two of said interest notes only.

To secure said principal and interest notes Dieter, at the same time, executed a deed of trust on real property, which contained this provision: "That, if default is made in the payment of either of said $600 notes for so much as sixty days after it matures, the legal holder of said notes for $5,000 each, and of all the said $600 notes that may be due, shall have the right to declare all of the same due and payable, and proceed by suit to enforce their payment, and to foreclose the lien herein given."

The plaintiff, T. M. Bowers, became the legal holder and owner of all said notes, except the two interest notes which were paid, and on March 16, 1903, an interest note having become due, and the same not having been paid, plaintiff filed this suit to recover upon the four $5,000 notes, and the third $600 interest note, principal and attorney's fees, and to foreclose the lien of the deed of trust.

On May 18, 1903, Dieter filed his original answer, to wit, a motion to quash the service upon him, and a general demurrer, and the cause was continued to perfect service, and on December 14 he filed his first amended answer, setting up for the first time a tender. After the case was called for trial, defendant brought into court a certified check for $22,341.90, and offered it as a tender, and it was agreed that it should be considered as a tender into court of the amount for which it was drawn; that it was never filed with the clerk, nor endorsed to the clerk, but remained with defendant or his counsel; that during the trial, it not having been delivered into the custody of the clerk or court, counsel for plaintiff insisted that it should be done, and later insisted again that it be so delivered, but this was never done. Plaintiff at no time offered or agreed to accept a tender and receive payment of the amount of the check, but insisted on his right to recover attorney's fees.

The answer admitted the nonpayment of the notes except the two $600 notes which fell due first, and alleged that plaintiff, and no one for him at any time, otherwise than by the institution of this suit, ever declared the four $5,000 notes, or any of them in plaintiff's petition, to be due and payable, nor notified the defendant that the same, or any of them, were declared to be due, and that plaintiff has not, otherwise than

by this suit, presented said four notes, or any of them, for payment, and demanded payment thereof. That defendant is now, and since the institution of this suit has been, willing and ready to pay the $600 note sued on by plaintiff, principal, interest and attorney's fees, and to pay the principal and interest of said four $5,000 notes, has repeatedly tendered to plaintiff payment thereof, and has, at all times since the filing of this suit, offered so to pay, and he now offers to do so, and brings into court and offers to pay the amount necessary so to pay, but plaintiff has at all times, and now, demanded payment of the attorney's fee of ten percent mentioned in said $5,000 notes, and refused, and still refuses to accept payment as aforesaid. Wherefore defendant says plaintiff is not entitled to recover the attorney's fee mentioned in said four $5,000 notes.

The court, upon the facts stated in the conclusions, rendered judgment against defendant for the notes, including the attorney's fee, and for foreclosure.

The record shows a marginal entry upon said judgment, which evidences a new arrangement with regard to the settlement of all the judgment except that for attorney's fees on the four $5,000 notes, which was allowed to remain in full force and effect, subject to an appeal or writ of error which the said Dieter might sue out.

The fourth assignment of error is that the judgment is erroneous, in that the notes were endorsed to T. M. Bower, the plaintiff, T. M. Bowers, was not the legal holder of any of the notes.

The language of the court's conclusions of fact relative to the matter is as follows: "That the said Miller for a valuable consideration, before the maturity of any of the notes, and before the institution of this suit, endorsed and assigned to W. P. Book all of said notes, and the said W. P. Book in turn endorsed and delivered said notes to the plaintiff herein, T. M. Bowers, with the endorsement on said notes, which said endorsement as written thereon was, 'Pay to the order of T. M. Bower,' and that plaintiff is now the legal owner and holder of all of said notes except the first two interest notes which were paid."

The evidence which led the court to this conclusion is unknown, as there is no statement of facts. We are bound to presume, in the state of the record, that the conclusion that plaintiff became the owner and holder of the notes was warranted.

The fifth assignment is without merit. No question of days of grace was involved in the circumstances of this case.

These questions being out of the way, we come to the chief one, which is, whether or not it was essential to the accrual of the ten percent attorney's fees (on the four principal notes) that plaintiff should, before the institution of his suit, have in some way declared them to be due, either to the maker of the notes or to the bank at which they were payable.

It is clear that the stipulation for attorney's fees took effect if plaintiff had the right, under the contract, to institute the suit to recover upon the notes.

The effect of the default in the payment of the interest note in question for more than sixty days gave plaintiff (in the terms of the contract) the right to declare all the notes due and payable, and to proceed

by suit to enforce their payment, and to foreclose the lien.    This was the equivalent, so far as the maturity of the notes is concerned, of making the notes due and payable at plaintiff's option, or giving him the option to declare them due, and to bring suit.    In cases where the contract was worded substantially as just stated, the question has frequently been raised whether or not the notes matured, and suit was authorized upon them, unless the option was previously exercised and notice thereof given the debtor, and the clear weight of authority is that this is not required. (Buchanan v. Insurance Co., 96 Ind., 510; Sweeney v. Kaufman, 48 N. E. Rep., 144; Smith v. Billings, 49 N. E. Rep., 212; Brown v. McKay, 37 N. E. Rep., 1037; Hawes v. Insurance Co., 67 N. W. Rep., 329; Swearingen v. Lahner, 61 N. W. Rep., 431; Hewett v. Doan, 25 Pac. Rep., 753; Insurance Co. v. Butler, 85 N. W. Rep., 437; Fowler v. Woodward, 4 N. W. Rep., 231; Young v. McDean, 63 N. Car., 576.) It has been so held in this state.    (Chase v. National Bank, 1 Texas Civ. App., 595.)

The contract is to be enforced as the parties have made it.    It had not provided any particular form or manner for declaring the notes due, but gave the owner and holder of the notes in general terms the right to declare them due, which he could do in any manner he saw fit. The filing of the suit was a declaration of that purpose.    There was nothing in the contract which required the declaration to precede the suit, and, in our opinion, the two acts could be concurrent.

There is an assignment of error that the court érred in excluding testimony to the effect that plaintiff, otherwise than by the institution of this suit, had never declared any of the principal notes due—that defendant resided and had an office in El Paso, and was able, ready and willing to pay off any demand of plaintiff except the attorney's fees on said principal notes, and other testimony for the purpose of showing that, as soon as defendant received knowledge of the filing of the suit, he placed the money in the State National Bank of El Paso, Texas, where the notes were payable, to pay the entire demand, except the said attorneys' fees, and also tendered said payment to the attorney of plaintiff.    In view of the conclusion we have reached, the court did not err in excluding the above testimony.

*Affirmed.*

Writ of error refused.