**MOORE et al. v. KNEMEYER.** (No. 7327.)

(Court of Civil Appeals of Texas. San Antonio. April 1, 1925. Rehearing Denied April 29, 1925.)

**1. Appeal and error ⬦997(3)—Trial ⬦177 —Controverted issue resolved in favor of judgment, where parties agreed that court should instruct verdict.**

Where parties presented their motions for instructed verdicts at the same time, under an agreement that court should grant one of said motions, and instruct jury to return verdict for one party, *held*, that such agreement had the practical effect of submitting the issue of facts to court, and the controverted issues will be resolved in support of the judgment.

**2. Appeal and error ⬦231(3)—Objection to introduction of note in evidence held too general.**

Objection to the introduction of lengthy note on ground that there was a variance between note offered in evidence and note pleaded is insufficient and too general to be entitled to consideration on appeal.

**3. Bills and notes ⬦489(7)—Variance between note introduced and note pleaded held trivial.**

Variance between note introduced in evidence which contained stipulation that note was one of a series of similar notes and the note pleaded, which did not contain such stipulation, is trivial and immaterial.

**4. Tender ⬦13(3)—Note stipulating for payment at certain town does not designate a "special place."**

A "special place" within Negotiable Instruments Act, § 70 (Vernon's Ann. Civ. St. Supp. 1922, art. 6001—70), providing that, if instrument is payable at a special place, ability and willingness to pay it there is equivalent to tender, is a particular place or point in a given community, and a town or city is not such special place.

**5. Bills and notes ⬦446—Filing action on note is notice that holder exercises option to mature it.**

The filing of an action on a note, stipulating that on default in payment of an installment or interest holder might elect to mature the note, operates as notice to the maker of the payee's intention to exercise the option.

**6. Bills and notes ⬦446—Action held not prematurely commenced.**

An action on a note stipulating that on default in payment of an installment or interest, the holder might elect to mature the note, is not premature, where the holder commences action a month after default in payment of interest.

Appeal from District Court, Nueces County; W. B. Hopkins, Judge.

Action by E. W. Knemeyer against J. O. Moore and another. From a judgment for plaintiff, defendants appeal. Affirmed.

B. D. Tarlton, of Corpus Christi, for appellants.

Kleberg & North, of Corpus Christi, for appellee.

SMITH, J. [1] This suit was brought by E. W. Knemeyer against J. O. Moore and another upon a promissory note executed by Moore, payable to Knemeyer, "at Corpus Christi, Tex.," and providing among other things that, at the election of the holder, failure to pay the principal or any installment of interest should mature the whole debt. Knemeyer recovered judgment upon a directed verdict, and Moore and his associate have appealed. It appears from a qualification appended by the court to the bills of exception in the record that at the conclusion of the testimony "plaintiff and defendants presented their respective motions for instructed verdicts at the same time, and stated to the court at the time of presenting said motions that it was agreed by them that the court should grant one of said motions and instruct the jury to return the verdict for either plaintiff or defendants." We think clearly this agreement had the practical effect of withdrawing the case from the jury and submitting the issues of fact to the court. That being the status, the controverted issues in the case will be resolved in support of the judgment. Knemeyer resided in Iowa, Moore in Corpus Christi.

[2, 3] Appellants contend in their first proposition and fourth and fourteenth assignments of error that there is a variance between the note pleaded and the note proven, but in what respect or particular the two instruments vary is not pointed out, either in the proposition, assignments of error, or bill of exceptions supporting them. The bill of exceptions shows appellant objected to the introduction of the note "on the grounds that there is a variance between said note offered in evidence and the note pleaded in plaintiff's petition relied upon as the cause of action in said suit." It is a matter of course that such objection is too general to be entitled to consideration. The instrument covers a full page in the transcript, embracing an unusual number of stipulations, some of which are unusual in tenor and effect; and a general objection to the whole instrument that it varies from the note pleaded, without specifying the point or points of variance, is insufficient. In the argument in appellants' brief, however, it is said:

"It will be observed that the note as offered in evidence contains the stipulation that 'this note is a series of ―――― similar notes this day given by ―――― as part of the purchase price for said above-mentioned property'; and that in this particular it is at variance with the note pleaded in plaintiff's petition, in that in the note alleged in plaintiff's petition there is no reference to ⬦ series of notes."

This variance is trivial and immaterial. Coleman v. Garvin (Tex. Civ. App.) 158 S. W. 187. The first proposition and assignments four and fourteen will be overruled.

[4] There was evidence to show the first installment of interest on the note involved was due on October 26; that on October 18 Knemeyer, the payee and holder, wrote Moore, the maker, notifying him of the due date and requesting attention to it. Moore made no reply to this letter. On November 8, not having heard from Moore, Knemeyer wrote the State National Bank at Corpus Christi, requesting it to collect the interest from Moore, but the latter declined to pay the bank at the time, giving as a reason that he did not have the money. The bank wrote the facts to Knemeyer, who on November 27 elected to declare the whole debt due and placed the note in the hands of attorneys, who filed suit thereon. Moore testified that on October 26, the date the interest became due, he had on deposit with the Corpus Christi National Bank an amount sufficient to pay the interest, although Knemeyer knew nothing of the fact. Moore soon checked the amount out of the bank, however. The suit was brought in December.

It is provided in section 70 of our Negotiable Instruments Act (art. 6001—70, Vernon's 1922 Supp. p. 1774):

"Presentment for payment is not necessary in order to charge the person primarily liable on the instrument; but if the instrument is, by its terms, payable at a special place, and he is able and willing to pay it there at maturity, such ability and willingness are equivalent to a tender of payment upon his part. But except as herein otherwise provided, presentment for payment is necessary in order to charge the drawer and indorsers."

Appellants contend that the stipulation in the note, that it was payable "at Corpus Christi," was a designation of a "special place" of payment, as contemplated by the act, and that, as he had money on deposit in a bank with which to make the payment, it was equivalent to tender. This contention must be overruled, however, for it is settled that a "special place," as meant by the statute, is a particular place or point in a given community, such as a named bank or other place of meeting, and a town or city is not such "special place." O'Connor v. Kirby Inv. Co. (Tex. Civ. App.) 262 S. W. 554 (writ of error denied).

[5, 6] The facts stated show that appellant defaulted in the payment of the interest when due, and remained in default for more than a month. By express provision in the note appellant was given the option of declaring the entire obligation due and placing it in the hands of attorneys for collection, which was done only after appellant was given ample opportunity to make the payment.

The filing of the suit operated as notice to appellant of the intention to exercise the option. Under the facts disclosed the suit was not prematurely brought, and appellant showed no defense to the obligation declared upon. Dieter v. Bowers, 37 Tex. Civ. App. 615, 84 S. W. 847; Hermes v. Vaughn, 3 Tex. Civ. App. 607, 22 S. W. 189, 817; Coleman v. Garvin (Tex. Civ. App.) 158 S. W. 185; Harrison v. Beals (Or.) 222 P. 728.

The judgment is affirmed.