SEABOARD BANK & TRUST CO. v. AMUNY.
(No. 1647.)

Court of Civil Appeals of Texas. Beaumont.
April 21, 1928.

Rehearing Denied May 2, 1928.

1. Vendor and purchaser ⊚═101—Contract could not be rescinded for nonpayment of installments without notice.

Where former holder of vendor's lien note sued on permitted lapses in monthly payments, without manifesting intent to exercise right to mature entire note or rescind sale contract, and maker had paid nearly three-fourths of price, and practically all interest accruing for four years, and had no notice that plaintiff held note or was demanding immediate payment of entire amount thereof until service of citation, plaintiff was not entitled to rescind contract because of default in payment of monthly installments.

2. Vendor and purchaser ⊚═93—Vendor cannot rescind contract for nonpayment of purchase-money installments, when greater part of price has been paid.

Where greater portion of consideration for land has been paid, it is inequitable to permit rescission of contract for default in payment of purchase-money installments, but vendor should be compelled to seek redress by suit for balance due.

3. Vendor and purchaser ⊚═98—Vendor or his successor, seeking to set aside sale, must tender money received.

If vendor or one standing in his stead goes into court of equity to set aside sale for nonpayment of purchase-money installments, he must tender purchase money received, or be defeated as not offering to do equity.

4. Vendor and purchaser ⊚═93—Vendee may save forfeiture by tendering unpaid purchase money, no matter how long he was in default.

Vendee may save forfeiture for nonpayment of purchase-money installments by tendering unpaid purchase money when sued for land, no matter how long he may have been in default.

5. Vendor and purchaser ⊚═285(5)—Court erred in denying interest on lien note from date of plaintiff's purchase to date of judgment for unpaid balance.

Court rendering judgment for unpaid balance of vendor's lien note for price of land erred in denying recovery of interest at rate stated therein from date of plaintiff's purchase of note until date of judgment.

6. Vendor and purchaser ⊚═294—Court rendering judgment for balance of vendor's lien note erred in refusing stipulated attorney's fees.

Court rendering judgment for unpaid balance of vendor's lien note, stipulating for payment of 10 per cent. attorney's fees, if placed in hands of attorney for collection, or collected by suit, erred in refusing judgment for such attorney's fees, which were as much a part of liability contracted for as was principal of note.

7. Vendor and purchaser ⊚═294—Court rendering judgment on note erred in adjudging costs against plaintiff.

Court rendering judgment for unpaid balance of vendor's lien note erred in adjudging costs of suit against plaintiff.

8. Bills and notes ⊚═530—Judgment that judgment on note bear 6 per cent. interest instead of 8 per cent. stipulated in note, held erroneous (Rev. St. 1925, art. 5072).

Under Rev. St. 1925, art. 5072, court erred in entering judgment that judgment for unpaid balance of note sued on bear interest at 6 per cent. per annum instead of 8 per cent. stipulated in note.

9. Costs ⊚═42(1)—Interest ⊚═50—Judgment denying interest from purchase of note and attorney's fees and costs held improper, notwithstanding alleged legal tender of payment, where defendant admitted never offering proper amount of actual money.

Judgment denying interest from date of plaintiff's purchase of note to date of judgment for unpaid balance and denying attorney's fees and costs held not proper on ground of legal tender of all past-due installments and unpaid balance, not including attorney's fees, with interest, after service of citation in action on note, where defendant admitted that he never offered proper amount of actual money to plaintiff.

10. Vendor and purchaser ⊚═267—Tender of amount due on lien note with interest, without attorney's fees, held not good.

Vendee's tender of past-due installments and unpaid balance to purchaser of vendor's lien note, without including stipulated attorney's fees, which he expressly refused to pay, though note had been placed in hands of attorney for collection, was not good; such fees being as much a part of amount to be paid as principal or interest.

11. Bills and notes ⊚═534—Jury's finding that it was unnecessary to place note in attorney's hands for collection held not to affect plaintiff's right to recover stipulated attorney's fees.

In action on vendor's lien note, giving holder right to mature whole debt on default in payment of any installment, and recover 10 per cent. attorney's fees, if note was placed in hands of attorney for collection, jury's finding that it was unnecessary to place note in hands of attorney to secure its payment did not affect plaintiff's right to recover such fees; neces-

---

⊚═For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

sity for so doing being left entirely to plaintiff's judgment.

**12. Bills and notes ⬅➡446—Notice to debtor before suing on note that plaintiff is holder, and has exercised right to mature whole debt for nonpayment of installments, is unnecessary.**

Notice to defaulting debtor before filing suit on note that plaintiff is holder thereof, and has exercised right to mature whole debt on default in payment of installments, is not required.

**13. Bills and notes ⬅➡534—Court cannot consider whether plaintiff inequitably, oppressively, or maliciously exercised option to declare whole debt due and place note sued on in attorney's hands for collection on nonpayment of installments.**

Whether plaintiff inequitably and oppressively exercised option to declare whole debt due and place note in hands of attorney for collection on default in payment of installments, or whether such acts were in bad faith, malicious, and intended to harass defendant, were not matters for court's consideration in action on note; only question being whether plaintiff was acting within its lawful rights.

Appeal from District Court, Jefferson County; Geo. C. O'Brien, Judge.

Action by the Seaboard Bank & Trust Company against Abe A. Amuny. From a judgment for plaintiff in an unsatisfactory amount, it appeals. Reformed, and affirmed as reformed.

A. W. Dycus, of Port Arthur, and Oliver J. Todd, Charles S. Pipkin, and A. D. Moore, all of Beaumont, for appellant.

Howth, Adams & Hart, of Beaumont, for appellee.

O'QUINN, J. We shall refer to appellant as plaintiff and to appellee as defendant; that being their status in the court below.

Plaintiff sued defendant in the district court of Jefferson county, Tex., in the form of an action of trespass to try title for the recovery of lots 11 and 12 in block 77 of the city of Port Arthur, Tex. In the alternative, plaintiff sought to recover judgment for the balance of the principal, interest, and attorney's fees due upon a vendor's lien note originally for the sum of $4,150, given by defendant with the express vendor's lien upon the above-described property to secure the payment of said note, of which note plaintiff was the legal owner and holder. Said note was dated December 4, 1920, and was payable in 16 monthly installments of $25 each, and 50 monthly installments of $75 each, with interest at the rate of 8 per cent. per annum, the first installment of $25 to be due and payable on January 4, 1921, interest on the unpaid principal to be paid monthly, and all past-due interest bore interest at the rate of 8 per cent. per annum. Said note contained

a provision that failure to pay the note or any installment as provided or any interest when due should, at the election of the holder of the note, mature said note, and that said note should thereupon become due and payable, and the vendor's lien should become subject to foreclosure. Said note further provided for 10 per cent. attorney's fees, if same was placed in the hands of an attorney for collection, or if collected by suit.

Defendant answered by general demurrer, general denial, admitted the execution of the note held by plaintiff, and that same retained, the vendor's lien on the lots in question, and that plaintiff was the holder of said lien, but alleged that, prior to the date when plaintiff acquired said note and lien, it had been the custom and usual course of business between defendant and the prior holders of said note to permit an accumulation of deferred monthly payments, and that, upon notification of defendant by said prior holders that they desired payment of all past-due installments, he would pay same; that such had been, and was, the usual course of conduct between defendant and the holders of said note prior to the time plaintiff acquired same; admitted that three or four monthly installments on said note were past due, but that defendant had not had any notice that the holders of the note were demanding, or would demand, immediate payment of same, and that, if such demand or notice had been given defendant, he would have paid all installments due.

Defendant further answered and alleged that plaintiff purchased said note and lien with the wrongful and malicious purpose of filing suit thereon without giving defendant any notice that it had acquired the title to said note and lien, or that it was demanding immediate payment, and that plaintiff did in fact file the suit without giving defendant notice that it was the owner and holder of said note, or that it was demanding immediate payment of said past-due installments; that, if defendant had been given such notice by plaintiff, he would have paid same; that plaintiff desired to obtain title to said lots, and was bent on unlawfully and maliciously harassing defendant, and that this suit was but an unlawful and willful attempt to get the title to and the possession of defendant's home; that his first notice that plaintiff was the owner of said note and was demanding immediate payment of all past-due installments was when citation herein was served on him, and that he at once made legal tender of all installments then due on said note to plaintiff, which plaintiff refused to accept, but persisted in its malicious and inequitable effort to obtain title and possession of the property in question; that defendant then tendered, and now tenders, into court all installments due or which may be

---

⬅➡For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

due when this case is tried, and offers to do equity in the premises as the court may direct. Defendant further answered that of the original amount of said note, $4,150, he had paid all but about $1,400; that the property upon which said note was a lien was worth $8,000 to $10,000; and that it would be inequitable and unjust to permit plaintiff to obtain the title to, and possession of, said property for the small amount still due on same, and prayed that he be permitted to pay off such installments as were then due and such as would become due at the time of the trial hereof; and that the suit be dismissed at plaintiff's costs, and for equitable relief generally.

Plaintiff, by supplemental petition, demurred generally to the allegations of defendant's answer, specially excepted to the plea of tender as not constituting a lawful tender, denied the allegations of fact set up in said answer, except in so far as same were admitted by the pleadings of the plaintiff, specially denied that any tender of any kind, either before the institution of the suit or afterwards, had ever been made in accordance with law, and further denied any motive in the acquisition of the note in question other than the collection of a just debt.

Defendant by supplemental answer alleged that as soon as he had notice that plaintiff was the owner and holder of the note, he offered to pay all of the installments then due and all the interest then due, and also offered to pay the balance of said note, principal and interest, but not the attorney's fees, and that he had procured the Holland Texas Hypotheek Bank to take over the note from plaintiff by transfer and assignment, but that plaintiff refused said offers, and persisted in this suit for the purpose of harassing and injuring defendant in the shape of court costs and attorney's fees, and further averred that he was willing and able to pay said note and all interest thereon, and renewed his tender as before. His prayer was that plaintiff take nothing as to court costs or attorney's fees, and that foreclosure of the lien be denied.

The case was tried to a jury upon special issues, in answer to which they found: (a) That it was not necessary, in order to procure payment of the note for plaintiff, to place same in the hands of an attorney at the time it did so; (b) that defendant would have paid the note according to its face and tenor, had he known that the holder desired it so paid before placing the note in the hands of an attorney for collection; (c) that plaintiff refused to accept payment of the note and interest, unless the attorney's fees were included, since suit was filed; and (d) that plaintiff purchased the note and filed suit thereon without notice to defendant, and without giving him an opportunity to pay same before suit was filed.

Upon the answers of the jury, judgment was rendered in favor of plaintiff for $1,425, with interest thereon at the rate of 6 per cent. per annum from the date of the judgment, and foreclosing the vendor's lien on the lots in question, with order of sale to satisfy said judgment. The judgment denied plaintiff any recovery for interest on his debt prior to the date of the judgment, costs of suit, or attorney's fees. From this judgment plaintiff has appealed.

[1] Plaintiff (appellant) presents several assignments of error to the effect that the court erred in refusing to give its special charge No. 1 directing the jury to return a verdict in its favor for the title and possession of the property in question. It was not error to refuse the instruction. December 4, 1920, Mike Przybyla conveyed to appellee, Abe A. Amuny, lots 11 and 12, block 77, of the city of Port Arthur, Tex., for a consideration of $5,150, of which $1,000 was paid in cash, and Amuny executed his promissory vendor's lien note for $4,150, payable to Przybyla in 16 monthly installments of $25 each, and 50 monthly installments of $75 each, the first installment of $25 to be due and payable January 4, 1921, and an installment to be paid on the 4th day of each succeeding month until the note was fully discharged. The note also provided that it was to bear interest at the rate of 8 per cent. per annum from date until paid, the interest payable monthly on the unpaid principal, and all past-due interest to bear interest at the rate of 8 per cent. It also provided that failure to pay any installment or interest when due, should, at the election of the holder of the note, mature the whole of said note, and that same should at once become due and payable and the vendor's lien therein retained subject to foreclosure. It also provided that, if said note was placed in the hands of an attorney for collection, or if collected by suit, 10 per cent. of the amount of principal and interest due should be added as attorney's fees.

Defendant made the monthly payments, not exactly on the 4th day of each month, but during the month up to and including July, 1923, when Przybyla duly conveyed to John Bombeck said note, together with "all and singular the contract lien, vendor's lien, rights, equities, title and interest in said land," that he had by virtue of being the vendor in the deed conveying the lots and being the payee in said note and the legal holder and owner of same. Defendant then continued to make payments on said note to John Bombeck, not regularly each month, but at times several installments would be in default, and defendant would make payment of them in lump. This continued up to April 27, 1925, at which time the installments for January, February, March, and April, 1925,

were due and unpaid, and also there was the sum of $25.65 interest unpaid. At this time plaintiff purchased the note from John Bombeck, who conveyed same, together with "all and singular the contract lien, vendor's lien, rights, equities, superior title and interest in said land," which he had by virtue of being the legal owner and holder of said note for the consideration of $1,450.55. Plaintiff placed the note in the hands of its attorneys, and suit was filed May 1, 1925, and the defendant was served with citation May 6, 1925. Service of citation was the first notice that defendant had that plaintiff was the owner of said note or that immediate payment of same was demanded. Under these facts, plaintiff was not entitled to a rescission of the contract of sale of the lots. The rescission was sought because of the default in the payment of four monthly installments of the purchase-money note, amounting to $300. The former holders of the note had permitted lapses to occur in the monthly payments, and no intention because thereof to insist either upon maturing all of the note for immediate payment or for a rescission of the contract of sale had been manifested to the defendant. He had paid nearly three-fourths of the full purchase price, and practically all of the interest accruing for some four years, and he had no notice that plaintiff was the holder of the note or that it was demanding the immediate payment, not only of the past-due installments and interest, but all of the unpaid balance of the note.

[2-4] The vendor's remedy by rescission is a harsh and stringent one, especially when the greater portion of the consideration has been paid, and it is sought to forfeit the payment and recover the land. In such a case it would be inequitable to permit rescission to be had, but the vendor should be compelled to seek redress by suit for the balance due upon the purchase money. Tom v. Wollhoefer, 61 Tex. 281. If the vendor, or one standing in his stead and attempting to enforce his rights, goes into a court of equity to set aside a sale he has made, he must tender the purchase money he has received, or he will be defeated as not offering to do equity. The vendee, when sued for the land by the vendor, may tender the unpaid purchase money, and this will save the forfeiture, no matter how long he may have been in default. Kauffman & Runge v. Brown, 83 Tex. 47, 18 S. W. 425; Dillingham v. Kerr (Tex. Civ. App.) 139 S. W. 911; West Lumber Co. v. Henderson (Tex. Civ. App.) 238 S. W. 714. There was no offer by plaintiff to return the purchase money that had been paid, but only to cancel the note as to the amount remaining unpaid, which was about one-fourth of the purchase price. The vendor cannot keep the money and take the land also.

[5] As above stated, on plaintiff's alternative plea, judgment was rendered in its favor for the amount of the unpaid purchase money, but plaintiff was denied a recovery for interest from the date of its purchase of the note to the date of the judgment, and was also denied a recovery of attorney's fees, and the costs of suit were adjudged against plaintiff. The judgment gave interest on the sum adjudged from the date of the judgment at 6 per cent. per annum, although the note stipulated for interest at the rate of 8 per cent.

The assignment that the court erred in entering judgment denying plaintiff any interest from the date of its purchase of the note to the date of the judgment—April 27, 1925, to May 9, 1927—must be sustained. If plaintiff was entitled to judgment for the unpaid balance of the note, it was also entitled to judgment for interest on same at the contract rate for said time.

[6] The assignment that the court erred in refusing plaintiff judgment for attorney's fees is sustained. It follows as a matter of law that, if plaintiff was entitled to judgment for the amount unpaid on the note, it was entitled to judgment for the stipulated attorney's fees. They were as much a part of the liability contracted for by defendant as was the principal of the note. The note plainly stipulated that, if same was placed in the hands of an attorney for collection, or if collected by suit, that defendant would pay 10 per cent. on the amount of principal and interest due as attorney's fees, and it is not questioned but that the note was placed in the hands of an attorney for collection, nor that the note was collected by suit.

[7] The complaint that the court erred in adjudging the costs of suit against plaintiff must be sustained. The court having determined that plaintiff was entitled to judgment for the unpaid balance of the note, this as a matter of law entitled plaintiff to judgment for the costs of suit.

[8] The court erred in entering judgment that the judgment bear interest at the rate of 6 per cent. per annum from date instead of 8 per cent. the rate contracted to be paid in the note. The statute, article 5072 (4981), Revised Civil Statutes 1925, provides that, where the contract upon which the judgment is founded specifies the rate of interest to be paid, the judgment shall bear the same rate of interest as called for in the contract.

[9] But defendant (appellee) insists that the court's judgment denying plaintiff's right to recover interest from the date of its purchase of the note to the date of judgment, and denying the right to recover attorney's fees and refusing plaintiff a recovery of the costs of suit, should be sustained, because, he says, the suit was prematurely brought. The insistence is that plaintiff should have notified defendant that it was the holder of the note in question, and was demanding the prompt payment of all past-due installments.

in which event he would have made such payment; that, if plaintiff was going to avail itself of the right to elect to mature the whole of the unpaid balance of the note because of the past-due installments, it should have given him notice of such intention before filing the suit, and he could and would have paid as demanded. Defendant (appellee) further insists that, as soon as he was served with citation, he made a legal tender to plaintiff of all the past-due installments and interest which was refused by plaintiff, and that he then made a legal tender of the whole of the unpaid balance of the note, not including attorney's fees, with interest, which was also refused by plaintiff, and that therefore the judgment of the court was proper. This contention cannot be sustained. While defendant insists that he made a legal tender, he admits that at no time did he or any one for him offer the proper amount of actual money to plaintiff, either for the past-due installments and interest or for the unpaid balance of the note and interest. The things done by him in the way of tender did not in law constitute a tender.

[10, 11] Furthermore, defendant admits that he at all times refused to pay the attorney's fees, and that none of his offers to pay included them, but that they were expressly refused by him. After the note was placed in the hands of an attorney for collection, the attorney's fees were as much a part of the amount to be paid as the principal or interest, and the tender to have been good must have included the attorney's fees. But defendant (appellee) says that it was not necessary for plaintiff to have placed the note in the hands of an attorney in order to secure its payment, and that the jury so found. In answer to special issue No. 1 the jury did so find, but said issue was an immaterial question, and the answer of the jury thereto not binding upon plaintiff's right to recover attorney's fees as expressly contracted for in the note. It is admitted that four installments of the note were past due and unpaid. The contract expressly gave the holder of the note in such case the right to elect to mature the whole debt, and promised to pay the 10 per cent. attorney's fees, if the note was placed in the hands of an attorney for collection. The necessity for so doing was left entirely to the judgment of the plaintiff.

[12] Neither can defendant's (appellee's) contention that plaintiff should have given him notice that it was the holder of the note and had exercised its right to mature the whole debt, and have given him an opportunity to pay same before filing suit, be maintained. It is well settled that notice to the defaulting debtor before filing suit on a note is not required. Dieter v. Bowers, 37 Tex. Civ. App. 615, 84 S. W. 847 (writ refused). The same contention was made in the cited case as appellee makes here that there was no necessity for plaintiff to have placed the note in the hands of an attorney or to have filed suit in order to have secured payment of the note, and in the cited case the defendant, as soon as he received knowledge of the filing of the suit, placed the money in the bank where the note was payable to pay the entire demand, *except the attorney's fees*, but the court held that testimony showing this to have been done was not admissible, and that no error was committed in excluding same. This is the exact question in the instant case. The debtor not being as a matter of law entitled to notice, and the tender not being of the full amount shown to be due and sued for, no defense was shown. See, also, Coleman v. Garvin (Tex. Civ. App.) 158 S. W. 185 (writ refused), and Moore v. Knemeyer (Tex. Civ. App.) 271 S. W. 653.

[13] That plaintiff may have inequitably and oppressively exercised its option to declare the whole debt due and to place the note in the hands of an attorney for collection, and that said acts were not in good faith, and were malicious, and intended to harass defendant, are matters upon which we are not called to pass. Whether plaintiff was acting in its lawful rights is the question before us, and we hold that it was. Astin v. Mosteller (Tex. Civ. App.) 152 S. W. 495, 499 (writ refused).

From what we have said it follows that the judgment should be reformed, so that plaintiff, appellant here, have judgment for the amount of its debt, principal, $1,450.55, interest from the date of its purchase of the note until the date of judgment, $222.42, and the attorneys' fees, 10 per cent, on the amount of the principal and interest due at the date of the judgment, $167.30, totalling $1,840.37, and that the judgment bear interest from the date of same, May 9, 1927, at the rate of 8 per cent. per annum until paid, and as so reformed should be affirmed, and it is so ordered.

Reformed and affirmed.