## BITTNER v. LA PRYOR STATE BANK et al.
### No. 8705.

Court of Civil Appeals of Texas. San Antonio.
Dec. 23, 1931.

Rehearing Denied Feb. 3, 1932.

J. B. Lewright, of San Antonio, and Fred L. Blundell, of Lockhart, for appellant.

Spencer, Rogers, Lewis & Slatton, of San Antonio, for appellees.

SMITH, J.

This action was brought by appellee bank against John P. Morris and F. J. Bittner to recover the amount of a vendor's lien note and interest coupon attached thereto, alleged to have been executed by Morris and payable to Kenneth Wimer as a part of the consideration for a tract of land in Bexar county. The land was afterwards conveyed by Morris to Bittner, who assumed payment of said note, which had been transferred by the payee to the bank. When on the trial all parties demurred to the evidence, the trial court discharged the jury and rendered judgment in favor of the bank against both Morris and Bittner for the amount of the note, with interest and attorney's fees, and for foreclosure upon the land. Bittner alone has appealed.

The note contained a provision that upon default in payment of any installment of principal or interest when due the holder may at his option declare the whole debt due "at once and payable without notice." When the obligors defaulted in the payment of an installment, the bank took advantage of the accelerated maturity clause and brought the suit without notice to or demand upon Bittner.

[1] It is first contended by Bittner that the judgment was erroneously rendered because there was no proof that the note was presented to him for payment before the suit was filed. We overrule this contention as presented in appellant's first proposition. By assuming the payment of the note, and the acceptance of such assumpsit by the holder, as evidenced by the filing of suit against the assumptor, Bittner was placed in the shoes of the maker and became primarily liable upon the obligation. 6 Tex. Jur. § 109, p. 729 et seq., and authorities there cited; Brannin v. Richardson, 108 Tex. 112, 185 S. W. 562.

It was provided in the note that upon default in the payment of any installment of principal or interest the holder was authorized to declare the whole debt "due and payable at once without notice." With this provision operating upon those primarily liable upon the obligation, who default and fail to make the payment or any tender thereon, the holder in due course may institute and prosecute suit thereon against them, without formal demand or notice. Seaboard Bank & Trust Co. v. Amuny (Tex. Civ. App.) 6 S.W. (2d) 186; Id. (Tex. Com. App.) 23 S.W.(2d) 287; Dieter v. Bowers, 37 Tex. Civ. App. 615, 84 S. W. 847 (writ refused). We overrule appellant's first proposition. Appellant presents a subsidiary proposition under its first proposition in which it asserts a defect in appellee's trial petition, which could have been reached only by special exception, in the absence of which appellant cannot complain here. We overrule this contention. The question was not raised in the trial court by assignment of error or otherwise, and in any event appears to be without merit.

In his next proposition appellant complains of the admission in evidence, over his objection, of the note and attached interest coupon involved. He insists that the instrument should have been excluded upon his objection that the execution and delivery of the note had not been affirmatively proven as at common law. Appellant had not previously, by pleading or otherwise, questioned the genuineness or authenticity of the instrument, which had been fully pleaded by appellee throughout the proceedings. Moreover, in his answer appellant pleaded the payment of the note to appellee's agent alleged to have authority to receive same and to release the lien it secured, and ownership of the land by reason of such payment, and prayed for cancellation of said note and removal of the cloud cast upon his title, thereby secured, by appellee's claim. The deed from Morris to appellant, in which said note was fully described, had been of record ever since its execution and delivery, and appellant was given notice long before the trial that appellee would put same in evidence upon the trial. We conclude that under these facts the note was properly admitted in evidence, and overrule appellant's contention to the contrary. Lignoski v. Crooker, 86 Tex. 324, 24 S. W. 278, 788.

Moreover, we conclude that, by demurring to the evidence upon the whole case, appellant waived his objection to the admissibility of the testimony adduced by appellee. International & G. N. Ry. Co. v. Davis, 17 Tex. Civ. App. 340, 43 S. W. 540 (writ refused). For like reasons we overrule appellant's ninth and tenth assignments of error and the propositions presented thereunder.

The judgment is affirmed.