## SAUNDERS v. GIVEN.

### No. 2904.

Court of Civil Appeals of Texas. El Paso. March 1, 1934.

Rehearing Denied March 22, 1934.

U. S. Goen and R. A. D. Morton, both of El Paso, for appellant.

Jones, Goldstein, Hardie & Grambling, of El Paso, for appellee.

WALTHALL, Justice.

On February 23, 1933, Charles Given, as plaintiff, filed this suit in the Forty-first district court of El Paso county, Tex., against O. F. Saunders, as trustee in bankruptcy, of the estate of West Texas Real Estate & Investment Company, a Texas corporation, bankrupt, as defendant.

The suit is in trespass to try title; the petition sets forth the usual allegations of the plaintiff in such suits; alleges that plaintiff is the owner of, and, at time stated, was in possession of the real estate fully described in the petition, and generally known and designated as street numbers 308-312, East San Antonio street, in the city of El Paso, Tex., and that defendant, Saunders, thereafter unlawfully entered upon and dispossessed him of his possession thereof.

Defendant, Saunders, filed a plea to the jurisdiction alleging in substance: (a) The jurisdiction was lacking because the plaintiff's title depended on a sale of the property to him by a trustee under a deed of trust, which sale was made after the bankruptcy,

and hence was ineffective to pass title, and because (b) no consent of the bankruptcy court to sue defendant had been obtained.

Defendant joined issue on the plea. The court overruled the plea, and the case was tried before the court without a jury.

The trial court made findings of fact which are lengthy; we adopt the trial court's findings, but state briefly only such of them as seem to be pertinent to the points raised on this appeal.

Several of appellant's propositions assign error to the overruling of his plea to the jurisdiction of the court to try the case.

The suggestions substantially and in legal effect are that appellee's title was invalid because it depended upon a sale of the property made under a deed of trust with power of sale after adjudication in bankruptcy of the holder of the legal title; no consent of the bankruptcy court was obtained; no title passed to appellee in the foreclosure sale for the reason that the property involved was partly in the actual and partly in the constructive possession of the bankrupt at the time of bankruptcy and at the time of the sale under the deed of trust; the sale was invalid because the adjudication of bankruptcy suspended the power of sale under the deed of trust; the sale was invalid because possession of the property being in the bankrupt, exclusive jurisdiction was vested in the bankruptcy court.

The facts which relate to the above points are undisputed, and briefly stated, are substantially as follows:

On July 13, 1929, S. T. Turner and wife conveyed the property involved here to Harry L. Hussmann for a consideration of $45,000, cash paid, and $100,000 evidenced by four promissory notes equal in amounts, one payable each year thereafter, each retaining a vendor's lien, each bearing interest payable semiannually and having the usual accelerating maturity clause upon default, etc. In June, 1931, Hussmann conveyed the property to his wife, she assuming to pay the last three Turner notes above referred to.

On the last-named date Mrs. Hussmann, joined by her husband, conveyed the property to West Texas Real Estate & Investment Company, that company assuming to pay said last three Turner notes.

On November 23, 1931, the last two of the Turner notes being then unpaid, West Texas Real Estate & Investment Company executed to S. M. Murchison, as trustee, the deed of trust with power of sale involved in this controversy for the purpose of securing two notes in the sums respectively of $15,000 and $10,000, payable to Lee H. Orndorff, said notes bearing interest payable semiannually, each waiving grace, protest, and suit, and providing that in case of default in the payment of any installment of principal or interest the principal amount of the note should become immediately due and payable at the option of the holder of the note, and attorney's fee, if placed in the hands of an attorney for collection. The deed of trust was duly filed for record on November 27, 1931.

On the date of its execution Seth B. Orndorff became the owner of the $10,000 note.

On April 12, 1932, Seth B. Orndorff, for a consideration of $6,000, indorsed the note to Mrs. Grace L. Murchison, as her sole and separate estate, and on the same date conveyed to Mrs. Murchison the liens securing the payment of said note. At the time of the transfer of said note there was an understanding between Mrs. Murchison and Orndorff that she should own the note and lien, but that any amount she should realize over and above the amount paid by her for the note she would pay to Orndorff.

Prior to April 12, 1932, the $15,000 was discharged. On November 23, 1932, the semiannual interest on the $10,000 note became due; at that time Mrs. Grace L. Murchison was the legal owner and holder; default was made in the payment of the interest due. Thereafter and prior to the 2d day of December, 1932, Mrs. Murchison, with the consent of Orndorff, elected to mature the note and declare same due and payable, and thereupon placed the note in the hands of an attorney for collection, and, joined by her husband, requested the trustee in the deed of trust to proceed to sell the property involved here in accordance with the terms of the deed of trust.

Thereafter, on December 2, 1932, the trustee, Murchison, duly posted notices that he would sell the said property under the terms of the deed of trust, and on said day duly mailed a copy of said notice of sale to West Texas Real Estate & Investment Company at El Paso, Tex., and likewise mailed a copy of said notice of sale to others interested in the title to said property, and which notice was received by the West Texas Real Estate & Investment Company on December 4, 1932.

On the 24th day of December, 1932, West Texas Real Estate & Investment Company filed a voluntary petition in bankruptcy in the District Court of the United States for

the Western District of Texas, El Paso Division, and, on the 27th day of December, 1932, in said proceeding, was duly adjudicated a bankrupt, and Charles F. Saunders, appellant in this suit, was duly appointed trustee of the estate of said bankrupt.

On the first Tuesday of January, 1933, a hearing was held in the United States District Court for the Western District of Texas, El Paso Division, before the Honorable Charles A. Boynton, judge of said court, upon an application and petition filed by Charles F. Saunders, trustee of said estate, requesting an injunction to prevent the trustee in the said deed of trust from selling said property under foreclosure proceedings under said deed of trust; on a hearing the court refused to grant said relief, and the petition of said trustee was dismissed without prejudice to any claims of the trustee, and without reference to the validity of the trustee's sale under the deed of trust, as referred to in the bankruptcy trustee's petition for the injunction. The record does not show that any appeal was taken from that order, or that any proceeding other than the above was had in the federal court.

Thereafter on the first Tuesday in January, 1933, S. M. Murchison, trustee in the deed of trust, proceeded to sell the property at public auction, and on said day did sell same within the hours prescribed by law, and in accordance with the terms of said deed of trust, and at said sale, Charles Given bid $6,500 for said property; he was the highest and best bidder at said sale, and the trustee struck said property off to said Given for said sum, and on its payment the trustee, on January 10, 1932, executed and delivered to Given a trustee's deed to said property, at which time Given took possession, and at all times since has been in possession.

The trial court found against appellant's contention and we accept said finding that "no facts exist sufficient to have estopped Grace L. Murchison from accelerating the maturity of the $10,000.00 note, or from selling the property involved in this suit, or from having the property involved in this suit sold by the said S. M. Murchison, trustee."

The trial court further found that due to the financial depression then and now existing in this community, the reasonable market value of the property on the day of the sale did not exceed $55,000.

The record shows that at all times mentioned above the property involved was occupied in part by Given Bros. Shoe Com-

pany, under a several years' lease by West Texas Real Estate & Investment Company; part of the building was leased by that company to Julius Kantor; part of the building was unoccupied.

The trial court concluded as a matter of law that the foreclosure proceeding under the deed of trust having been initiated before the adjudication in bankruptcy, the power and right of the trustee to proceed was unaffected thereby, and that the sale by the trustee under the foreclosure proceedings passed to Charles Given all title held by the West Texas Real Estate & Investment Company as of the date of the deed of trust.

■ The first question presented under the plea to the jurisdiction, the facts as stated being undisputed, is whether the state court, when its jurisdiction is challenged, can entertain jurisdiction to determine the validity of the sale in a suit by the purchaser against the bankruptcy trustee, sued without leave of the bankruptcy court.

The facts here show that more than a year had elapsed between the giving of the deed of trust by the bankrupt and the adjudication of bankruptcy of the West Texas Real Estate & Investment Company.

It seems to be the settled rule of decision that the jurisdiction of the bankruptcy court is paramount and exclusive, and a proceeding in foreclosure of a deed of trust, by the trustee, may be enjoined by the bankrupt court where such a course is necessary for the proper exercise of its own jurisdiction, or the effective administration of the bankruptcy estate. Such would seem necessarily to follow where the state and the bankruptcy court each have concurrent jurisdiction. Here the bankruptcy court had not at any time undertaken to exercise any jurisdiction in the administration of the bankruptcy estate prior to proceedings taken by the trustee in the deed of trust to foreclose the deed of trust lien, and, so far as the record shows, the bankruptcy court has at no time and in no way asserted or assumed jurisdiction over, or the administration of, the property in controversy as a part of the estate of the bankrupt.

The record shows that on the 3d day of January, 1933, the day on which the property was to be sold under the deed of trust, appellant trustee made application to the bankruptcy court for an injunction to restrain the sale by the deed of trust trustee, and in the application stated that he was informed and believed that the bankrupt estate had a substantial equity in said property and

that in the administration of said estate an amount of money over and above the liens then outstanding against the property could be realized; that a sale of the property by the trustee, if not enjoined, would interfere with the necessary and proper exercise of jurisdiction of that court in the effective administration of the bankrupt estate, in that said sale would cut off and destroy any equity which the bankrupt estate might have in the property. After a hearing on the above application, the bankruptcy court denied the application for the injunction. The result was that the trustee proceeded to sell the property as then advertised and at the trustee's sale appellee, Given, became the purchaser. Now the bankruptcy court had the question directly presented in the application, to the precedence of that court over the trustee in the trust deed, and as to whether the bankrupt estate had a substantial equity in the property involved over and above the liens outstanding against it, and on the hearing refused to restrain the sale. The fair inference from such refusal might be, as suggested by appellant, that, as on this trial, a substantial equity in the estate was not made to appear. The bankruptcy court also might have concluded that at that time the trustee in bankruptcy was not in any character of possession or holding the property for the estate.

That brings us down to the uninterrupted sale of the property by the trustee under the deed of trust to Given. Here we have a suit in trespass to try title filed by Given under the Texas statutes. To that suit appellant filed a plea in abatement to the court's jurisdiction. Two points are stressed in the plea: The sale of the property under the deed of trust was made after the bankruptcy, and no consent of the bankruptcy court had been obtained. The plea shows that the property was largely incumbered by debts secured by vendor's liens and other liens, but does not show that the property has any value over and above the debts secured by the liens; nor does the plea show that any assets of the bankrupt were scheduled, nor that the property in question was scheduled in his bankruptcy proceedings, nor that the bankruptcy trustee in any way claims the property for the creditors, or neglected to do so. As stated above, appellee, Given, is now in actual physical possession of the property as purchaser at the trustee sale, regular in every way and with power of sale and the questions presented under the plea to the jurisdiction go only to the right of the trustee to make the sale under the trust deed.

The first question presented seems to be: Under the undisputed facts, as above, did the adjudication in bankruptcy of the West Texas Real Estate & Investment Company render the sale under the trust deed invalid? If it did, Given got no title for the plea based on the bankruptcy, ousts the court of jurisdiction, and the court would be powerless to award him title. The bankruptcy law (11 USCA), being enacted under the Federal Constitution (article 1, § 8, subd. 4), is supreme and paramount, and covers the entire field except where, by its express terms, the federal statutes allow concurrent jurisdiction in other courts.

Appellant, in his brief, refers us to a number of cases as sustaining his contention. We have reviewed them. To us none of them seem to be directly in point. It would extend the opinion to too great length and serve no useful purpose to review them. Some of the cases contain statements which, taken out of the context, seem to give support to appellant's contention, but in a reading of the cases in connection with the facts and issues there discussed, we do not find them in point. However, we make a brief reference to some of the cases.

In Gross v. Irving Trust Co., 289 U. S. 342, 53 S. Ct. 605, 77 L. Ed. 1244, the Court of Chancery of New Jersey appointed receivers for Crosby Stores, Inc. The receivers took possession of the assets located in New Jersey and operated the business. On the following day an involuntary petition in bankruptcy against the corporation was filed in a federal District Court in New York, and Irving Trust Company was, by that court, appointed receiver in bankruptcy. The corporation was declared a bankrupt. The trustee in bankruptcy sold all the assets of the bankrupt, including those which had passed into the hands of the New Jersey receivers. The federal District Court ordered the New Jersey receivers to show cause why they should not turn over all the assets to the trustee in bankruptcy and account to the federal court. Subsequently to the bankruptcy proceeding the New Jersey court made allowances to its receivers and their counsel. Subsequent to such allowances, the federal court enjoined the receivers from interfering with the trustee and from disposing of the moneys paid to them under the state Chancery Court. The trustee then filed its petition in the federal District Court, sitting as a court in bankruptcy, stating that the payments to the receivers were void as in violation of the bankruptcy act, and that application must be made to the bankruptcy court for allowance of

compensation to the receivers for services inuring to the bankrupt estate.

The sole question decided in the case was that the state Chancery Court did not have the power to fix the compensation of its receivers and their counsel after bankruptcy had supervened within four months of the filing of the bill of complaint in and the appointment of receivers by that court.

In discussing the case Mr. Justice Sutherland said that upon adjudication of bankruptcy, title to all the property of the bankrupt vests in the trustee as of the date of filing the petition in bankruptcy; that the bankruptcy court has exclusive jurisdiction, and that court's possession and control of the estate cannot be affected by proceedings of other courts; and that such jurisdiction having attached, control of the administration of the estate cannot be surrendered.

Bearing in mind that the question now being considered is that of the power of the court to entertain jurisdiction to the suit between the litigants, the order of the bankruptcy court refusing the injunction and permitting the trustee in the deed of trust to sell the property is a potent factor. In the Gross v. Irving Trust Company Case, supra, the bankruptcy court granted the injunction and by doing so entertained jurisdiction and enjoined the state court receivers from interfering with the trustee and from disposing of the moneys of the bankrupt estate. On petition then filed by the trustee the suit was in the bankruptcy court. The money involved was retained by the court as a part of the estate then being administered by the trustee. The money involved in the litigation was unquestionably a part of the bankrupt estate. Here we may well assume, under the facts of this case, that the bankruptcy court in refusing the injunction and thus permitting the sale, and so far as the record shows the trustee took no further supervision of the property involved through the trustee, by filing suit, or scheduling the property itself, or any equity in money value in the property that might be in the estate over and above the admitted indebtedness against the property, necessarily, as a matter of law, referred the matter of litigation as to title to the property to the state court as a court of concurrent jurisdiction.

Especially would that be true where the court sitting in the bankruptcy proceedings refused to entertain jurisdiction in the absence of any showing on the hearing that there was some money value in the property for the estate. In Pugh v. Loisel (C. C. A.) 219 F. 417, and In re Jersey Island Packing Co. (C. C. A.) 138 F. 625, 2 L. R. A. (N. S.) 560, referred to by appellant, are cases in which the court found there was a substantial equity for the estate in the mortgaged property, and refused same to be sold, in opposition to the court of bankruptcy. Other cases referred to by appellant are similar in holding to the above. Should it have been necessary for appellee to obtain consent of the court to sue the trustee in some other court, as submitted by appellant, which we do not hold, it would seem that the action of the court in dismissing the case without prejudice on the injunction hearing, would be construed, if not an express permit to sue, at least an implied leave to do so. On the question of whether consent of the federal court is necessary to authorize suit against the trustee, we refer to Rice v. Kelly, 226 Ky. 347, 10 S.W.(2d) 1112, 1114, and the many cases, federal and state, there referred to as holding that such consent is not necessary.

We have concluded the court was not in error in overruling appellant's plea.

In this suit appellee is asserting title to the real estate involved under the foreclosure of the deed of trust by the trustee named in the deed of trust, and under the facts as above stated.

The trial court found against appellant on propositions: that there was no default entitling the holder of the note to have sale made under the deed of trust; that the default in the payment of the note was induced by the holder of the note in finding that no facts existed sufficient to estop Mrs. Murchison from accelerating the maturity of the note or from causing the property involved to be sold. The evidence is sufficient to justify the findings.

■ Appellant submits that the court erred in rendering judgment for appellee for the reason that no notice was given to the payor of the note, West Texas Real Estate & Investment Company, of the acceleration of the maturity of the note, or of the intention to accelerate the maturity thereof by reason of any default, and no demand for payment was made before maturing the note. The note contained the following provision:

"It is understood and agreed that failure to pay this note or any installment of interest thereon when due, shall, at the election of the holder of them, or any of them, mature all notes this day given by West Texas Real Estate & Investment Company, a corporation, to said Lee H. Orndorff."

The court found that no notice was given to West Texas Real Estate & Investment Company, that the holder of the note had elected to declare the note due and had requested the trustee to sell the property for its payment.

We think the cases of Dieter v. Bowers, 37 Tex. Civ. App. 615, 84 S. W. 847, in which a writ of error was refused, and Seaboard Bank & Trust Company v. Amuny (Tex. Civ. App.) 6 S.W.(2d) 186, and same case on writ of error (Tex. Com. App.) 23 S.W.(2d) 287, settles the question against appellant's contention.

The court found:

"The reasonable market value of the property on the date of the sale, did not exceed $55,000.00, due to the financial depression then and now existing in this community."

Without quoting the evidence from the number of witnesses who testified as to the value of the property, we think the finding is supported by the evidence.

Finding no reversible error, the case is affirmed.