## Halcomb v. Phipps.

### Same v. Same.

(Decided May 2, 1922.)

## Appeals from Letcher Circuit Court.

1. Judgment—Not Supported by Pleadings—Void Although Court Had Jurisdiction.—An adjudication of a matter of controversy, not embraced by the pleadings of the parties, in an action, and foreign to the relief sought by them is void, although the court has jurisdiction of the parties and of the general subject matter, if it had been properly presented to it.

2. Pleading—Action for Recovery of Specific Personalty—Demurrer.—An action for the recovery of specific personal property may be maintained without resorting to a writ for the immediate delivery of the property, and the fact, that a verified petition, in such action does not state facts sufficient to make a good affidavit for a writ of delivery, will not make the petition subject to demurrer.

3. Pleading—Action for Recovery of Specific Personalty—Sufficiency.—A petition in which plaintiff avers, that he is the owner of a specific article of personal property, generally or has a special ownership of it, and is entitled to its immediate possession; describes it with particularity and avers its value; and that the defendant tortiously took it from his possession, or is wrongfully

detaining or withholding it in his possession, against the plaintiff, and alleges a demand for it, where the facts require a demand, states a good cause of action for the recovery of it.

D. D. FIELDS and D. I. DAY for appellant.

J. M. COOK and FRENCH HAWK for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HURT— Granting appeals in each case and reversing.

These motions for appeals involve the same persons and the same subject matter. In the first case, that of Halcomb v. Phipps and Hall, decided in the circuit court on February 5, 1920, the record consists of the petition and amended petition in equity, and the motion of Phipps to dissolve the restraining order granted by the clerk of the court and the orders of the court. No evidence was heard, and of course none was brought up in the record. The petition in equity as amended averred that Halcomb was the owner and in the possession of certain two horses and wagon and harness for each horse, each article of which was particularly described with the value of each, and all of the value of $350.00; that Hall as the town marshal of Neon, a town of the sixth class, acting under an order of the police court of Neon as his authority, was threatening to take the property from the possession of Halcomb, and to deliver it to Phipps, who was insolvent, and who forthwith, and before Halcomb could obtain any valid process from a court having jurisdiction of the matter, to prevent it, would take the property out of the state of Kentucky; that Phipps resided only five miles from the boundary line of the state, and it was twice that distance from where Halcomb and Phipps lived to a place where process could be obtained by Halcomb, from a court of competent jurisdiction, to recover property of that value; that the Neon police court did not have jurisdiction of the property, nor the controversy concerning it, and that its order directing Hall to take the property from Halcomb and deliver it to Phipps, was void, because of the want of jurisdiction of the police court, and that irreparable damage would result to Halcomb by its execution. A restraining order was obtained by Halcomb from the clerk of the circuit court against Phipps and Hall to prevent the execution of the order of the police court. The technical averments necessary to support the granting of a restraining order were made. Neither Hall nor

Phipps filed an answer but Phipps entered a motion to dissolve the restraining order upon the face of the record —that is upon the ground that the facts stated in the petition as amended were insufficient to authorize a restraining order, or any injunctive process. This motion the court sustained and dissolved the restraining order, and thereafter entered a judgment dismissing the petition as amended, and in addition thereto, at the same time, rendered a judgment to the effect that Phipps was entitled to the immediate possession of the property, and that Hall as marshal of Neon, had wrongfully taken the property from Phipps and delivered it to Halcomb, and that he should immediately take it from Halcomb and deliver it back to Phipps, and the action was then ordered to be stricken from the docket of the court. From this judgment an appeal is prayed by Halcomb.

Thereafter at the succeeding term of the court, without any notice to Halcomb, and without the action being reinstated upon the docket, the court entered an order reciting that at a former term an order had been made directing Hall, as marshal of the town of Neon, to deliver the property to Phipps, and it appearing that Hall had failed to obey the order, and that Halcomb was yet in possession of the property, directed the sheriff, or any constable of the county, to take the property from Halcomb and deliver it forthwith to Phipps. In pursuance of this order, the sheriff at once took the property from Halcomb and delivered it to Phipps. Halcomb then brought an action in ordinary against Phipps to recover the possession of the property and damages for its detention. He alleged that he was the owner of the property, describing it with particularity, and the value of each article, and was entitled to its immediate possession, and that Phipps was unlawfully detaining and withholding the possession of it from him, and that he ought to recover damages in the sum of $50.00 for the detention of the property, and that his cause of action occurred within a year last past. He, also, averred that the property had been taken from his possession by virtue of an order of the Letcher circuit court, which had been rendered in the action of Halcomb v. Phipps and Hall, at a subsequent term of the court and after that action had been dismissed at a former term of the court, and without any notice to Halcomb, and was therefore void. Halcomb obtained an order for immediate delivery of the property

to him, and this order was duly executed. Phipps demurred generally to the petition. The demurrer was sustained and the petition dismissed, and by the same judgment the court directed a restoration of the property to Phipps. From this judgment Holcomb has also prayed an appeal.

Touching the judgment in the equity action of Holcomb v. Phipps and Hall, it will be observed that the only facts presented to the court were contained in the verified petition and amended petition, wherein it appeared that Holcomb was the owner, entitled to the possession and in the possession of the property, and the only relief sought by him of the court was to prevent Hall from taking the property from his possession by virtue of a void process from the police court of Neon, directed to Hall as marshal of that town, and to deliver it to Phipps, who he alleges was intending and would carry it forthwith out of the jurisdiction of the court, and convert it to his own use; that Phipps was insolvent and that the result would be a loss of the property to Holcomb. These averments were never denied. Phipps did not so far as appears from the record, make any claim to being the owner of the property, or entitled to its possession, or that the possession of it had ever been wrongfully or otherwise taken from him, or that he had ever been in possession of it, nor is there anything in the record which would uphold a contention of that kind, if it had been made. The only question presented for a decision was, that, conceding the facts stated in the petition as amended were true, whether such facts were sufficient to authorize the equitable process of injunction, and if the court determined that question adversely to Holcomb, it could only adjudge that the restraining order be dissolved, and that his petition as amended should be dismissed, which would leave the matters in controversy just as they were before the petition in the action was filed. In the absence of any answer or any evidence, the motion to dissolve the restraining order upon the face of the record thereby admitting the facts stated in the petition as amended, to be true, the motion did duty as a demurrer to the petition as amended. The court was limited in its decision, whether it decided correctly or erroneously, to whether or not the petition as amended stated facts entitling Holcomb to a restraining order or injunction. Anything further than this was a judgment upon a matter not em-

braced within the pleadings. The court decided upon the motion to dissolve the restraining order that the facts stated in the petition as amended were not sufficient to authorize a restraining order, and further decided outside of the issues made in the pleadings, and without support from any source apparent upon the record, that Halcomb was wrongfully in the possession of the property, and that Phipps was entitled to the possession of it forthwith, and directed that it be taken from Halcomb and delivered to Phipps, and thereafter dismissed the petition as amended and ordered the case stricken from the docket. Whether the court was in error in deciding that the petition and amended petition, verified and considered as affidavits, contained facts sufficient to authorize the restraining order and a cause of action, is not necessary to be decided, as will hereinafter be shown, but that portion of the judgment which decided that the property had been wrongfully taken from Phipps by Halcomb, and directed that it should be immediately restored to him, was upon the record not only erroneous, but void. Although a court may have jurisdiction of the parties, and the subject matter, if properly presented to it, it is without authority to adjudicate upon matters which are not embraced by the pleadings and the issues made therein, and are foreign to the claims of relief sought by the parties in the action, as set out in the pleadings, and where a court assumes to adjudicate upon such matters, its judgment is void. 23 Cyc. 817; Cecil v. Cecil's Exors., et al., 185 Ky. 787. Halcomb should not have been precluded from defending in the police court the action there pending against him, if there was such an action, whether the proceeding was or was not void. As heretofore said, it is not necessary to determine whether the court was in error in setting aside the restraining order and dismissing the petition as amended, as an injunction against Hall to prevent him from executing the order of the police court to take the property from Halcomb and deliver it to Phipps was all of the relief sought and as subsequent proceedings show, that he never attempted to execute the order, but that the property was taken from Halcomb and delivered to Phipps by the sheriff, under another order, and hence, whether or not Hall ought to have been restrained is now a moot question, and a decision of it would be valueless, and hence the foregoing judgment is reversed to the extent only that it decided that Phipps was entitled to the possession of the prop-

erty, and directing it to be delivered to him as otherwise it might be relied upon as *res judicata,* upon an issue touching the ownership or right of possession to the property.

There can be no doubt of the court being in error when it sustained a demurrer to Halcomb's petition, in ordinary, against Phipps, and adjudged that it be dismissed. The result of the judgment in the two cases was to deny Halcomb either equitable or legal relief, and although he was asserting ownership of the property and entitled to its possession and no one was denying it, yet he was denied the right to be heard and his claim adjudicated upon its merits. If the demurrer to the petition was sustained because it showed that the property had been taken from Halcomb and delivered to Phipps by an order in the former case of Halcomb v. Phipps and Hall, it, also, showed that such order was made at a subsequent term of the court, and after the one at which that action was dismissed, had finally adjourned and without any notice to Halcomb, and when that cause was no longer pending, and such an order was unquestionably void as at that time the court had neither jurisdiction of the parties nor of the subject matter of the action, and was only an attempt to enforce a void judgment and the order was just as void as the order entered upon that subject in the case of Halcomb v. Phipps and Hall, at the previous term of the court and which the later order seemed designed to enforce.

Being a nullity, it could not be a defense to the action, nor take away from Halcomb any right he had.

The present action, in ordinary, for the recovery of specific articles of personal property is, but a substitute for the ancient common law action of replevin, in which the essential facts necessary to support the action, were that a plaintiff must allege and show a general or special ownership of the property; that it had been either tortiously taken from him, or is wrongfully detained by the defendant, and that plaintiff is entitled to the immediate possession of it. It is an action, both *in rem* and *in personam,* the former for the specific property, and the latter for damages for its taking or detention. The action may be maintained, without accompanying it with an order for the immediate delivery of the property. Chaper 2, title VIII, of the Civil Code, provides, instead of the old time writ of replevin, in such actions, a writ

of delivery, which a plaintiff may procure by complying
with the requirements of that chapter, as to affidavit,
bond, etc., or he may prosecute the action to judgment,
and if he recovers a judgment for the specific property
he may obtain an execution therefor as provided by sec-
tion 1665, Ky. Stats. This view of the law governing such
actions, is supported by the provisions of section 180,
Civil Code, which provides, that in an action for the re-
covery of specific personal property, the plaintiff may,
at the commencement of the action, or at any time before
judgment, claim the immediate delivery thereof, as pro-
vided in the succeeding sections of chapter II, of title
VIII, *supra,* but, if the plaintiff does not obtain a writ of
delivery for the property, before judgment, he may do
so, after judgment, in accordance with section 1665, Ky.
Stats. The petition, in ordinary, of Halcomb v. Phipps,
stated all the facts necessary to support a cause of ac-
tion for the recovery of specific personal property in-
cluding its value, so that a judgment might be rendered in
the alternative and the sustaining of a general demurrer
to the petition and dismissing the action was erroneous.

An affidavit, as provided by Section 181, Civil Code,
to obtain an order for immediate delivery of the prop-
erty, was not filed, but, the petition was verified, and if
the facts stated in it had been sufficient to support a de-
mand for a writ of delivery, the petition would have
served for that purpose without a separate affidavit,
Scott v. Denby, 17 B. M. 321; Burnam v. Roman, 2 Bush
191. The petition, considered as an affidavit for a writ
of delivery, did not state that the property had not been
taken for a tax or fine against the plaintiff, nor seized
under an execution, distress warrant or attachment. The
requisites of an affidavit for such a purpose must be
strictly complied with. The fact, that it averred that
the property had been taken from him under a void order
of a court, does not justify the failure to make the other
statements required by the statute to obtain a provisional
remedy. The course which should have been pursued by
the defendant was to move the court to set aside the writ
of delivery and to return to defendant, the property, and
if such motion had been made and sustained, it would not
have otherwise affected the plaintiff's cause of action, and
he could have yet prosecuted it to judgment. The affi-
davit for a writ of delivery, being insufficient, the judg-
ment will not be reversed because of the order to restore

the property, to the defendant, made in the judgment in the latter action, or the one in ordinary, but the judgment sustaining the general demurrer to the petition and adjudging it to be dismissed is reversed, and if plaintiff succeeds in obtaining a judgment for the recovery of the property, he may have such writ therefor, upon the judgment; or pending the action before judgment, he may obtain an immediate writ of delivery, by complying with the requirements of chapter II, title VIII, upon the subject.

The prayer for an appeal, in each action, is therefore granted and judgment in each is reversed, and remanded, for proceedings not inconsistent with this opinion.