## CITY OF BEAUMONT v. SAM'S LOAN OF-.FICE, Inc.   (No. 1510.)

Court of Civil Appeals of Texas. Beaumont.
March 19, 1928.

1. **Injunction ⇐85(2)—Equity will not enjoin enforcement of void criminal ordinance, where no property rights of applicant are involved and no multiplicity of suits is to be enjoined.**

Court of equity will not grant writ of injunction to prohibit enforcement of criminal ordinance, where no property rights of applicant for writ are involved, and where no multiplicity of suits is to be enjoined, even if ordinance complained of is void.

2. **Injunction ⇐136(3)—Owner of jewelry desiring to sell it at auction held entitled to temporary injunction restraining enforcement of ordinance relative to such sale.**

Owner of jewelry desiring to sell it at public auction *held* entitled to temporary injunction, in suit against city, enjoining enforcement of ordinance relating to sale at public auction of certain articles of merchandise, where applicant's use of property would be seriously impaired if ordinance was enforced, and applicant would be charged with criminal offenses if he violated ordinance.

3. **Injunction ⇐171—City held not entitled to have court consider motion to dissolve temporary injunction restraining enforcement of ordinance, in absence of answer denying allegations on which relief was sought (Rev. St. 1925, arts. 4657 and 4658).**

Under Rev. St. 1925, arts. 4657 and 4658, city *held* not entitled to have court consider its motion to dissolve temporary injunction restraining enforcement of ordinance, in absence of answer by it denying material allegations of fact on which equitable relief was sought by plaintiff.

4. **Injunction ⇐175—Motion to dissolve temporary injunction, if treated as demurrer to plaintiff's petition, must be considered as admitting truth of fact allegations.**

Motion to dissolve temporary injunction, if treated as demurrer to plaintiff's petition in suit for injunction, must be considered as having admitted truth of all allegations of fact in plaintiff's petition, under rule of pleading in Texas.

5. **Injunction ⇐11—Enforcement of criminal ordinance may be enjoined without showing actual arrest for violation.**

Plaintiff *held* not required to show actual arrest for violation of criminal ordinance in order to obtain injunction restraining its enforcement.

Appeal from District Court, Jefferson County; Geo. C. O'Brien, Judge.

Suit by Sam's Loan Office, Inc., against the City of Beaumont, in which a temporary injunction was granted in favor of plaintiff. From an order overruling the city's motion to dissolve the injunction, it appeals. Affirmed.

J. B. Morris and F. M. Sheffield, both of Beaumont, for appellant.

C. A. Lord, of Beaumont, for appellee.

HIGHTOWER, C. J. This is an appeal by the city of Beaumont from an order of hon. George C. O'Brien, judge of the Fifty-Eighth judicial district, overruling the city's motion to dissolve a temporary writ of injunction that had been granted by the judge in favor of appellee, enjoining the enforcement by the city of a certain ordinance of the city relating to the sale at public auction of certain articles of merchandise owned and kept by appellee in its place of business in the City of Beaumont, and further enjoining the city and its officers from in any manner interfering with appellee in the sale at public auction of such articles of merchandise.

The appeal comes to this court upon the following facts:

On November 6, 1926, the appellee, Sam's Loan Office, Inc., presented to Hon. George C. O'Brien, judge of the Fifty-Eighth judicial district, in chambers, its petition and prayer for a temporary injunction against the city to enjoin the city and its officers from interfering with in any manner the sale at public auction of certain articles of jewelry, such as watches, diamonds, precious stones, etc., owned and kept by appellee in its place of business in the city of Beaumont, which articles of merchandise it was alleged appellee desired to dispose of at auction sale. Appellee's petition alleged, in substance, that it owned a large stock of merchandise at its place of business in the city, consisting of articles of jewelry, etc., above mentioned, and that appellee was desirous of selling such articles of merchandise at auction sale so that it may realize a profit from the sale of its property, and that it had engaged the services of an expert auctioneer for the purpose of making sales at auction of its merchandise, and that it had the right to proceed with the sale of its merchandise without interference or molestation by the city or its officers, but that the city had passed an ordinance which it claimed to be then in effect prohibiting appellee from making sale at auction of its merchandise above mentioned, and that the city was threatening to enforce the ordinance and to arrest appellee's officers and agents and charge them with a criminal offense, in the event appellee should proceed to make sale of its merchandise at auction, without first obtaining and procuring from the city a license authorizing such sales at auction, and that the city was demanding and insisting that appellee pay to it the sum of $5 per day for each day that appellee should offer its merchandise for sale at auction, and that the city had no authority to pass such an ordi-

⇐For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

nance requiring appellee to take out such a license and to pay to the city the sum of $5 per day demanded by the city for the privilege of selling its merchandise at auction. It was alleged, in substance, that the ordinance (especially section No. 7 thereof) was null and void and inoperative, not only because the city was without lawful authority to enact the same, but that, in addition thereto, the ordinance was null and void and inoperative because it was unreasonable, oppressive, discriminatory, arbitrary, and prohibitive, and that, therefore, the same was unconstitutional, null, and void, and should not be enforced against appellee for all these reasons. The facts were stated by appellee upon which it claimed that the ordinance in question was unreasonable, oppressive, discriminatory, arbitrary, and prohibitive. It was further alleged that if appellee should proceed with the sale of its merchandise at auction, as it desired to do, its officers and agents would be arrested by the city of Beaumont and charged with criminal offenses, and that under another section of the ordinance (section 13), appellee's officers and agents would be subject to a penalty of not to exceed $200 for each sale that it might make of its merchandise at auction, and that each day that appellee should sell its merchandise at auction would, under the ordinance, constitute a separate offense. Appellee alleged that it had no adequate legal remedy, and that if the ordinance of the city here complained of should be enforced, it would, in effect, destroy appellee's property, that is, its merchandise covered by the ordinance, and would impair its use by appellee, to its irreparable damage and injury. A temporary writ of injunction was granted upon presentation of the petition and four days later the city of Beaumont filed a motion to dissolve the temporary writ, on the ground, as stated in the motion, that a court of equity could not and ought not grant a writ of injunction to prohibit the enforcement of a criminal city ordinance, because the plaintiff had an adequate legal remedy by testing the validity of the ordinance if its officers and agents should be arrested for its violation. This was, in substance, all of the motion. There was no answer filed of any character, verified or otherwise, and the court, after hearing the motion, overruled it, and the case is before us in that condition.

[1, 2] Learned counsel for the city of Beaumont presents three separate assignments of error in this court, but, in fact, they all three raise one and the same question. Counsel for the city contends that a court of equity should not and will not grant a writ of injunction to prohibit the enforcement of a criminal city ordinance where no property rights of the applicant for the writ are involved, and where no multiplicity of suits is to be enjoined, even if the ordinance complained of be void. As an abstract proposi-

tion this is correct; but the proposition can have no application here, for the reason that appellee's petition for the writ in this case shows clearly that its property rights are involved, and that the use of its property will be seriously impaired in the event the ordinance should be enforced, and that is sufficient to afford appellee equitable relief against an invalid or void ordinance, under an unbroken line of decisions in this state. Since the case is not before us on its merits, we shall not enter upon a discussion of the question as to whether the city of Beaumont had authority to pass the ordinance in question; but as appellee's petition clearly alleges that the ordinance complained of is arbitrary, unreasonable, discriminatory, oppressive, and prohibitive, stating the facts upon which those allegations are made, and since there is no character of denial of these charges, and since it appears from the petition that appellee's property rights are involved, and that the privilege of selling its merchandise will be denied it, and that its officers and agents, in the attempt to sell the same, will be arrested and charged with criminal offenses, the trial judge was authorized, and we think was correct, in declining and refusing to set aside the temporary writ of injunction.

[3] Our statute (article 4657, Revised Statutes, 1925) reads as follows:

"The defendant to an injunction proceeding may answer as in other civil actions; but no injunction shall be dissolved before final hearing because of the denial of the material allegations of the plaintiff's petition, unless the answer denying the same is verified by the oath of the defendant."

Article 4658 provides:

"In all cases of injunction, motions to dissolve the same without determining the merits, may be heard after answer filed, in vacation or in term time, at least ten days' notice of such motion being first given to the opposite party or his attorney. In such cases, the proceedings upon such hearing, including the action of the judge upon the motion, shall be entered upon the minutes of the proper court by the clerk thereof, on or before the first day of the succeeding term of such court, and thereafter shall constitute a part of the record of the same."

[4] As we have stated above, there was no answer of any character filed by the city in this case, and no denial in any form of the allegations of fact contained in the plaintiff's petition. As we view these statutes just quoted, appellant was not entitled to have its motion to dissolve considered by the trial court, in the absence of an answer by it denying the material allegations of fact upon which equitable relief was sought by appellee. If, however, we were to treat the motion as a demurrer to the plaintiff's petition, still, under the rule of pleading in this state, the demurrer must be considered as having admitted the truth of all the allegations of

fact contained in the plaintiff's petition. As we have shown, these material allegations of fact were, in substance, that the ordinance complained of was arbitrary, oppressive, unreasonable, and discriminatory, the facts upon which such allegations are based being stated. Therefore, without regard to the authority of the city to regulate the sale at auction of appellee's merchandise, and conceding-that it had such authority to regulate, yet it could not pass and enforce an arbitrary, unreasonable, discriminatory, and prohibitive ordinance under the guise of regulation. That is what appellee has charged in this case, and, there being no denial by the city of these charges, the trial judge was authorized to grant the temporary injunction and to overrule the city's motion to dissolve it upon the face of the pleadings as they stood.

[5] Counsel for the city, by way of argument in his brief, intimates that appellee, in no event, was entitled to the writ of injunction, in the absence of an actual arrest for violation of the ordinance in question, and that there was no claim in the petition in this case that appellee's officers or agents had been actually arrested for violation of the ordinance, the granting of the writ being premature, in any event. We cannot agree with learned counsel in this contention, and we do not understand that any of the authorities cited by him sustain that contention. A threatened arrest for violation of the ordinance in question, which is shown by the petition in this case, is sufficient, as we construe the authorities, to entitle appellee to resort to a court of equity, as it did. True, in some of the cases cited by counsel for appellant, actual arrests had been made looking to the enforcement of invalid city ordinances, but the decisions in those cases were not rested upon the fact that an actual arrest had been made; but it is clear from them that where one is terrorized by threats of arrest under an invalid ordinance, and is thereby prevented from a lawful use of his property, a court of equity will inquire into the validity of the ordinance, in advance of an actual arrest, and protect the applicant in his property rights. City of Austin v. Cemetery Association, 87 Tex. 330, 28 S. W. 528, 47 Am. St. Rep. 114; Dibrell v. City of Coleman et al. (Tex. Civ. App.) 172 S. W. 550. In City of Austin v. Cemetery Association, just cited, Chief Justice Gaines of our Supreme Court, among other things, said:

"No one, we apprehend, without some considerable inducement will do an act which may cause him to be arrested and prosecuted, however clear he might be in his own mind that the act constituted no violation of the criminal law. A criminal prosecution is unpleasant to all people who have due respect for the law, and almost necessarily involves inconvenience and expense. As long as the ordinance remains undisturbed it acts in terrorem, and practically accomplishes a prohibition."

See, also, Lossing v. Hughes (Tex. Civ. App.) 244 S. W. 556; City of Dallas v. Urbish (Tex. Civ. App.) 252 S. W. 258; City of Houston v. Richter (Tex. Civ. App.) 157 S. W. 189.

What we have stated above is sufficient for the disposition of the appeal as now before us, and it follows that we are of opinion that the trial court did not err in overruling appellant's motion to dissolve the temporary writ, and that judgment is affirmed.