**ARCOLA SUGAR MILLS CO. et al. v. RODRI-QUEZ et al. (No. 1827.)**

Court of Civil Appeals of Texas. Beaumont. May 16, 1929.

Carothers & Brown, of Houston, for appellants.

A. M. Waugh, of Houston, for appellees.

WALKER, J. In chambers, the judge of the Sixty-First judicial district of Harris county granted appellants a temporary injunction restraining appellees from collecting a judgment recovered by them in that court against appellants. Afterwards appellees filed in this cause what they designated their "Motion to Dissolve Injunction," on the grounds: (1) "The original petition filed by plaintiffs herein fails to show any grounds for equitable relief prayed for;" and (2) "plaintiffs herein have an adequate remedy at law and are not entitled to the relief prayed for." No answer was filed by appellees to the merits and no other grounds were contained in their motion to dissolve. The motion as filed was not sworn to. Upon a hearing on the motion, the temporary injunction theretofore granted was dissolved, but, by order of the court, continued in effect pending this appeal. The appeal was duly prosecuted by appellants to the Court of Civil Appeals at Galveston, and that court, under orders of the Supreme Court, transferred the case of this court.

It is not necessary to state the substance of appellants' petition, since appellees, by their first counter proposition, admit that the petition, which was duly verified, stated sufficient grounds for the injunction. By this proposition appellees say: "The court properly granted a temporary injunction to which appellants were entitled, under the facts alleged under oath." We should say, however, that we have carefully read the petition and agree with appellees in their construction of its allegations. Having admitted that the petition was not subject to their general demurrer, appellees seek to support the order appealed from by the following proposition, which is also a part of their first counter proposition, immediately following the sentence quoted supra: "But there being no testimony introduced at the hearing by the court, in support of any of appellants' allegations, it was not error for the court to dissolve the injunction."

This proposition is not sound. Appellees' motion to dissolve was nothing more than a general demurrer. Not having put in issue the facts alleged by appellants as grounds for the relief prayed for, but only attacking the sufficiency of such facts to sustain the injunction, the effect of the general demurrer was to admit the truth of all allegations of fact contained in the petition. This proposition was directly and affirmatively announced by this court in City of Beaumont v. Sam's Loan Office, Inc. (Tex. Civ. App.) 4 S.W.(2d) 586, where the Chief Justice, writing the opinion, said: "If, however, we were to treat

the motion as a demurrer to the plaintiff's petition, still, under the rule of pleading in this state, the demurrer must be considered as having admitted the truth of all the allegations of fact contained in the plaintiff's petition."

The Court of Appeals of Kentucky, in Halcomb v. Phipps, 194 Ky. 648, 240 S. W. 363, Mr. Chief Justice Hurt, writing the opinion, said: "In the absence of any answer or any evidence, the motion to dissolve the restraining order upon face of the record thereby admitting the facts stated in the petition as amended were true, the motion did duty as a demurrer to the petition as amended. The court was limited in its decision, whether it decided correctly or erroneously, to whether or not the petition as amended stated facts entitling Halcomb to a restraining order or injunction. Anything further than this was a judgment upon a matter not embraced within the pleadings."

As a general rule, without an answer to the merits, verified as required by articles 4657 and 4658, R. C. S., neither the lower court nor the trial judge has authority to dissolve a temporary injunction theretofore granted, except upon the ground that the petition fails to state a cause of action sufficient to support the equitable relief prayed for. There is nothing in the world taking this case out of the general rule. If, under the established principles of equitable jurisprudence, the petition states grounds for the temporary injunction, the general demurrer must be overruled and the motion to dissolve, based thereon, denied. It follows that it was error to sustain appellees' general demurrer and to dissolve the injunction.

■ We do not agree with appellants in their construction of articles 4657 and 4658, R. O. S., 1925, cited supra, providing that no injunction shall be dissolved before a final hearing because of the denial of the material allegations of the plaintiff's petition, unless the answer denying the same is verified by the oath of defendant, and that motions to dissolve may be heard after answer filed without determining the merits. We do not thing it correct to say, under these articles, that the defendant in such a proceeding cannot attack the legal sufficiency of the plaintiff's petition by demurrer, except after answer under oath denying its material allegations. It might be, conceding the truth of the facts alleged, that the petition fails to state grounds for the injunction. In that event the granting of the injunction would be error. So, without controverting the facts, the defendant may, by demurrer, challenge their legal sufficiency, as appellees did in this case. But, as already said, when that is the nature of the attack, the legality of the order granting the temporary injunction must be determined by the allegations of the peti-

tion. It is our conclusion that appellees had the right to attack the petition by demurrer without answering to the petition denying under oath its material allegations.

■ Appellees say further that, since the judgment attacked was entered in the district court of the Sixty-First judicial district of Harris county before the trial judge who granted this temporary injunction and then dissolved it, upon the hearing the judge could take judicial knowledge of all the facts adduced upon the original trial, and, without an answer attacking the allegations of the petitions, determine from the facts thus judicially known appellants' equitable right to the relief prayed for. In support of this contention appellees have brought forward in their brief certain facts which they say were adduced upon the former trial and portions of the record from that trial sufficient, they say, to sustain as a matter of law the order dissolving the injunction. We cannot pass upon the merits of this contention. If the lower court, in dissolving the injunction, considered facts known to it judicially, such facts should have been reflected by the record then being made, and that was not done. The parties below made their record, and upon that record appellants base their appeal. We have no jurisdiction to consider any fact not reflected therein. We cannot judicially know nor presume that the trial court judicially knew certain facts making inequitable the order granting the temporary writ of injunction.

It is our judgment that the order dissolving the injunction be reversed, and this cause remanded to the lower court with instructions to the judge of the Sixty-First judicial district of Harris county to enter an order continuing in force the injunction as originally granted until the final determination of this litigation.