## IDEN et al. v. LIPPARD et al.
### No. 2430.

Court of Civil Appeals of Texas. Waco.
June 26, 1941.

Rehearing Denied July 24, 1941.

Stewart, Burgess & Morris, of Dallas, and Kyle Vick, of Waco, for appellants.

Fitzpatrick & Dunnam, of Waco, for appellees.

HALE, Justice.

This is an appeal from an order of the district court entered on May 24, 1941,

overruling a motion to dissolve a temporary injunction theretofore granted, enjoining appellants from selling certain real estate under a deed of trust until the further orders of the court. The controlling question on the appeal is whether the record discloses an abuse of discretion on the part of the trial court in overruling the motion.

H. R. Lippard and wife filed their petition on May 6, 1941, against Guilford Mortgage Company, Homeland Realty Company and C. S. Iden, alleging that on September 28, 1938, plaintiffs executed a deed of trust in favor of Homeland Realty Company covering certain real estate situated in Waco, Texas, to secure the payment of an indebtedness therein described in the principal sum of $1,250, payable in monthly installments of $25, to become due on the first of each month; that all of said installments had been paid down to and including the first day of May, 1941; that if said installments had not in fact been paid down to and including said date, that plaintiffs had tendered payment thereof and defendants had refused to accept the same; that C. S. Iden as substitute trustee had posted notices that he would sell said property at public sale on May 6, 1941, and unless defendants were restrained from making said sale, plaintiffs would suffer irreparable injury and damage. They prayed that defendants be immediately enjoined from selling said property and that on final hearing the temporary injunction be made permanent. The truth of the allegations in their petition was verified by the unconditioned oath of H. R. Lippard. Upon the presentation of their petition, the court endorsed his fiat thereon granting the writ as prayed for, conditioned upon a proper bond in the sum of $200. The required bond having been filed and approved, the writ was duly issued and served.

On May 14th defendants filed their joint answer consisting of general demurrer, general denial and an affirmative plea that the monthly installments due on said note for the months of November and December of 1940 and for January, February, March, April and May of 1941, were due and unpaid; that demand had been made upon plaintiffs to pay same, which they failed to do and by reason thereof the whole of said indebtedness was matured. Defendants prayed that plaintiffs take nothing and that they recover their costs. On the same day, they filed their motion to dissolve the temporary injunction upon substantially the same allegations of fact as set forth in their answer. Neither the answer nor the motion to dissolve the temporary injunction was verified.

On May 23rd, plaintiffs filed with the clerk of the court a written tender of $150 in payment of any installments which might be due upon the note in question, alleging that such amount had been tendered to defendants and by them refused. On May 24th, plaintiffs filed their exceptions to the motion of defendants to dissolve the temporary injunction in which they demurred generally to said motion and interposed certain special exceptions thereto.

Upon the hearing of the motion to dissolve, defendants introduced in evidence the installment note, deed ·of trust and a ledger card which purported to show the record of all payments made upon the indebtedness. The note was dated September 28, 1938, was for the principal sum of $1,250, payable to the order of Homeland Realty Company at its office in Dallas, Texas, in monthly installments of $25, to become due on the first day of November and of each succeeding month thereafter until paid in full. It provided that if default be made in the payment of any installment due, or any part thereof, then the principal of the loan and all interest accrued thereon shall, at the option of the holder thereof, immediately become due and payable. The note was endorsed in blank and without recourse by Homeland Realty Company. Mr. Iden testified that he was the collecting agent of the other defendants and that the entries on the ledger card correctly reflected the date of all payments made on the note. From this record it appears that the only installment which was paid on its due date was the one made on December 1, 1938; that $25 was paid during the months of November, 1938, and January, February, April, July and August of 1939; that the sum of $75 was paid in June and $50 was paid in October of 1939; that $75 was paid in January, $150 was paid in July and $75 was paid in October of 1940.

Defendants also introduced in evidence a letter from Guilford Mortgage Company to H. R. Lippard written from Baltimore, Maryland, under date of February 24, 1941, advising that the installments due on said note for the months of November, Decem-

ber, January and February had not been paid; that the holder of the note was unwilling to grant further extensions and that foreclosure proceedings would be instituted unless all arrearages were paid within fifteen days; that "in the event it becomes necessary for us to declare the entire amount due because of your defaults and we institute foreclosure proceedings, these proceedings will not be cancelled except upon your payment of the full amount due thereunder."

Mr. Iden testified that after this controversy arose, Lippard called at his office to get some data and he told Lippard that if any arrangements were made concerning the matter, they would have to be made through Judge Burgess of Dallas; that on March 26, 1941, he posted notices of sale under the deed of trust for May 6th. Judge Burgess testified that he was vice president of Guilford Mortgage Company; that Lippard called at his office in Dallas on or about May 1, 1941, for the purpose of ascertaining what would be necessary in order to prevent the sale from being consummated on May 6th under the deed of trust; that he told Lippard to "go down and talk to Iden, and Iden may arrange with the company"; that Lippard did not offer at that time to pay him $150 on the note but "I would not have taken it if he had laid it on the desk."

It was shown by the testimony of the District Clerk that on the morning of the hearing on the motion to dissolve, plaintiffs had placed in the registry of the court the sum of $150 in cash in accordance with the terms of their filed tender. Neither of the plaintiffs testified on the hearing. At the conclusion of the evidence, the court entered its order overruling the motion to dissolve the temporary injunction, to which the defendants duly excepted and gave notice of appeal, and from which order this appeal has been perfected.

■ It is well settled that the granting, refusing or dissolving of a temporary injunction is largely within the sound discretion of the trial court and will not be revised on appeal unless an abuse of discretion is apparent. Pancake v. Kansas City Life Ins. Co., Tex.Civ.App., 134 S.W. 2d 776, pars. 3 and 4 and authorities cited; Moffitt v. Lloyd, Tex.Civ.App., 98 S.W.2d 860 and authorities cited. Furthermore, when it appears that a continuance of the temporary writ will not imperil the rights of the adverse party, but that its dissolution may seriously imperil the rights of the complaining party, the motion to dissolve should be denied. Pearce v. Atlantic Life Ins. Co., Tex.Civ.App., 36 S.W. 2d 553 and authorities cited. We can not say that an abuse of discretion on the part of the trial court in overruling the motion of appellants to dissolve is apparent from the record before us.

■ We think it is obvious that if the facts alleged in the verified petition of appellees are true, they are entitled to have the sale of their property enjoined. Article 4657 of Vernon's Ann.Tex.Civ.St. provides that "no injunction shall be dissolved before final hearing because of the denial of the material allegations of the plaintiff's petition, unless the answer denying the same is verified by the oath of the defendant." Article 4658 of said statutes provides, in substance, that motions to dissolve an injunction without determining the merits may be heard after answer filed, at least ten days' notice being first given to the opposite party or his attorney. Since neither the answer nor the motion of appellants was in anywise verified, the trial court was not authorized to dissolve the temporary injunction on the pleadings alone. In our opinion, the failure of appellees to support any or all of the material allegations in their verified petition by evidence on the hearing of the motion was not necessarily, under the circumstances shown, conclusive against the truth of such allegations. San Antonio Water Supply Co. v. Green, Tex.Civ.App., 198 S.W. 631; City of Beaumont v. Sam's Loan Office, Tex.Civ.App., 4 S.W.2d 586.

■ Appellants insist that the trial court erred in overruling their motion to dissolve and in holding that appellants had not matured the note, and in further holding that Guilford Mortgage Company, by accepting past due payments from Lippard, had estopped itself from maturing the note upon subsequent default. In the absence of any findings of fact and conclusions of law, we do not know that the trial court made the findings complained of, or that his action was based on the same, because such findings are not necessarily implied in the order appealed from. If appellees should fail, upon final hearing, to establish by competent evidence the material allegations in their petition, and if the facts are then properly found to be as alleged by appellants in their answer, and if in the face of such facts the trial court should

then refuse to dissolve the temporary injunction with appropriate relief to appellants against the principal and sureties on the injunction bond, the contentions which appellants now seek to assert will become material and controlling. However, it is not proper for us to attempt at this time to anticipate the results of a trial of the case on its merits, or to discuss the issues of fact or law which may arise on the trial.

Because we are of the opinion that no abuse of discretion is shown, the order of the trial court in overruling appellants' motion to dissolve the temporary injunction is affirmed.