**IDEN et al. v. LIPPARD et al.**

No. 2462.

Court of Civil Appeals of Texas. Waco.

Oct. 29, 1942.

Rehearing Denied Dec. 3, 1942.

Kyle Vick, of Waco, Geo. T. Burgess, of Dallas, and Carloss Morris, of Houston, for appellants.

Fitzpatrick & Dunnam, of Waco, for appellees.

HALE, Justice.

H. R. Lippard and wife instituted this suit against Guilford Mortgage Company, Homeland Realty Company and C. S. Iden, seeking to enjoin the defendants from selling certain realty under a deed of trust. Upon presentation of their verified petition, the trial court granted a temporary writ of injunction as prayed for and thereafter overruled a motion of the defendants to

dissolve the same. From the order overruling their motion to dissolve, the defendants appealed and we here refer to the former opinion of this court in Iden v. Lippard, Tex.Civ.App., 153 S.W.2d 642, for a full statement of the nature of the case and the issues involved.

The present appeal is from a judgment rendered at the trial of the case on its merits. By way of amended answer and cross-action, the Guilford Mortgage Company repleaded the facts previously set forth in its original answer and sought judgment for the entire amount of principal, interest and attorney's fees alleged to be due on its note, together with a foreclosure of its lien. The jury found on special issues substantially as follows: That defendants, by accepting past due installments on the note, led plaintiffs to believe that past due payments would be satisfactory to defendants and plaintiffs believed defendants would accept past due installments on the note in the future and they relied upon such belief; that defendants, prior to posting notice of sale on March 26, 1941, failed to demand payment of the plaintiffs of each past due installment; that on May 5, 1941, H. R. Lippard was ready, able and willing to pay all past due installments on said note and so advised Iden and Burgess, but that Iden and Burgess each advised Lippard on that date they would not accept such payments if tendered; and that on or about September 22, 1941 (a short time prior to the trial), plaintiffs were ready, able and willing to pay the full amount of said note according to its terms, less attorney's fees and court costs, and so advised Mr. Burgess, who in turn advised plaintiffs that he would not accept the full amount of the note less attorney's fees and court costs if tendered. Based upon the verdict of the jury, the court rendered judgment permanently enjoining defendants from a nonjudicial foreclosure of the deed of trust lien, except for failure of plaintiffs to pay any installment accruing on said note after the date of trial, and denying Guilford Mortgage Company any recovery on its cross-action. Having duly perfected their appeal, the defendants assign error on the refusal of the trial court to grant their seasonable request for a peremptory instruction and to render judgment in their favor as prayed for.

The evidence on behalf of the defendants was substantially the same at the trial of the case on its merits as that adduced by them at the former hearing on their motion to dissolve the temporary injunction. See Iden v. Lippard, Tex.Civ.App., 153 S.W.2d 642. H. R. Lippard admitted in his testimony on the present trial that the record evidence on behalf of defendants as to the dates and amounts of his several payments on the note was correct and that only one of the installments maturing on said note prior to May 1, 1941, had been paid when due. He also admitted receiving the letter from Guilford Mortgage Company dated February 24, 1941, and referred to in the former opinion of this court. The evidence showed without dispute that plaintiffs had deposited into the registry of the court below in this cause the sum of $150 on May 24th, $50 on June 16th, $75 on September 11th, and $25 on October 20, 1941. If the entire amount of the indebtedness had not been matured prior to October 1, 1941, then $300 was all that was due on said note at the time of trial.

We are of the opinion, however, that the undisputed evidence shows conclusively that Guilford Mortgage Company had matured the entire amount of the note in accordance with its terms and therefore the trial court should have instructed the jury to return their verdict against plaintiffs and in favor of the Mortgage Company on its cross-action. We find no evidence of probative force showing or tending to show that defendants had failed to demand payment of the past due installments on the note prior to the posting of notices of sale on March 26, 1941. On the contrary, all of the evidence shows without dispute, we think, that defendants exercised due diligence in their repeated efforts to have the note put in current condition. The letter from the Mortgage Company dated February 24, 1941, gave plaintiffs ample notice that if all arrearages were not paid within fifteen days from that date, the maturity of the entire indebtedness would be accelerated. While Mr. Lippard testified over timely objection that he relied upon his belief that defendants would accept past due payments on said note in the future, we do not think the testimony or the findings of the jury based thereon is of any controlling effect. The posting of the notices of sale was known to the debtor and the same charged him with knowledge that he could no longer rely upon the holder of the note to further waive its right to insist upon a strict compliance with the contract from that time forward. Notwithstanding his knowledge that notices of sale had been

posted, the debtor did not pay or offer to pay until May 5th the installments which he now claims were due on the first of April and May, respectively. We do not think the fact that the debtor was ready, able and willing on May 5, 1941, or at any time thereafter, to pay all past due installments or to pay all of the indebtedness, less attorney's fees and court costs, could divest the holder of the note of its vested rights under the contract sued upon. Amuny v. Seaboard Bank & Trust Co., Tex.Com.App., 23 S.W.2d 287; Moore v. Knemeyer, Tex. Civ.App., 271 S.W. 653; Weierhauser v. Bennett, Tex.Civ.App., 19 S.W.2d 572; Saunders v. Given, Tex.Civ.App., 70 S.W. 2d 310; Kyle v. Commercial Credit Co., Tex.Civ.App., 152 S.W.2d 465.

Consequently the judgment of the trial court is reversed and, as the evidence in the case appears to have been fully developed, judgment is here rendered that H. R. Lippard and wife take nothing by their suit and that Guilford Mortgage Company recover on its cross-action the full amount of principal, interest and attorney's fees due on its note, together with a foreclosure of its lien.