Frost v. Martens 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-91-358-CV





SHERRI L. FROST, JAMES VERNON FROST, AND JAMES E. COULTER,



 APPELLANTS


vs.





STEVEN R. MARTENS, KELLY M. WRENN, TRUSTEE, WILLIAM ROBERT WENDT,



 APPELLEES


 




FROM THE DISTRICT COURT OF TRAVIS COUNTY, 250TH JUDICIAL DISTRICT



NO. 493,006, HONORABLE MARY PEARL WILLIAMS, JUDGE



 





PER CURIAM



 Appellants, Sherri Frost, James Frost, and James Coulter, sued appellees
to recover the amount due on a promissory note based on an acceleration clause. Appellees,
Steven Martens; Kelly Wrenn, Trustee; and William Wendt are joint venturers in the Mullen
Street Joint Venture, maker of the note. Appellees counterclaimed for breach of contract,
deceptive trade practices, and a declaratory judgment. After a bench trial, the court rendered
judgment that appellants take nothing and that appellees' counterclaims be denied. The trial court
filed its findings of fact and conclusions of law.

 Appellees executed the promissory note on March 5, 1986, as partial payment for
two tracts of land they bought from appellants. The principal amount of the note was
$160,000.00, payable in monthly installments over four years beginning in 1987. The note was
secured by a vendor's lien and deed of trust on the property. This lien and deed of trust were
subordinate to a first-lien deed of trust securing a note of $370,000.00, payable to a bank.

 On March 21, 1988, after discussing appellees' difficulties with their obligations
under the first- and second-lien notes, the parties signed a "Loan Modification Agreement." The
agreement modified the original note to require that appellees pay appellants $40,000.00
immediately and $40,000.00 on March 21, 1996. The $40,000.00 due in 1996 did not bear
interest. 

 In April 1990, appellants received a copy of the first-lienholder's notice to appellees
of foreclosure. The first-lienholder sold the property on July 3, 1990, and on August 30th,
appellants notified appellees that they were accelerating the maturity of the note to September 30,
1990. When appellees did not pay the remaining $40,000.00 due on the note, appellants filed
suit.

 Appellants challenge the trial court's judgment by eighteen points of error
concerning construction of the acceleration provisions of the loan documents (points one through
nine), notice of intent to accelerate (points fifteen and sixteen), estoppel (points ten and eleven),
waiver (points twelve through fourteen), and attorney's fees (points seventeen and eighteen). In point of error five, appellants argue that the trial court erred in concluding that
acceleration was inconsistent with the parties' agreement, as evidenced by the modification
agreement and the circumstances in which it was negotiated. Appellants assert that the
modification agreement unambiguously retained clauses in the note and deed of trust authorizing
acceleration if appellees defaulted in paying the first-lien note. 

 A mortgage is governed by the same rules of interpretation that apply to contracts. 
Sonny Arnold, Inc. v. Sentry Sav. Ass'n, 633 S.W.2d 811, 815 (Tex. 1982). The original note,
deed of trust, and modification agreement together complete a single transaction, even though
executed at two different times, and we read the three instruments together as a single contract. 
Veal v. Thomason, 159 S.W.2d 472, 475 (Tex. 1942); Crown W. Inv., Inc. v. Mercantile Nat'l
Bank, 504 S.W.2d 785, 788 (Tex. Civ. App.--Tyler 1974, no writ). 

 Whether a contact is ambiguous is a question of law for the court to decide by
looking at the contract as a whole in light of the circumstances present when the contract was
entered. Coker v. Coker, 650 S.W.2d 391, 394 (Tex. 1983); City of Pinehurst v. Spooner
Addition Water Co., 432 S.W.2d 515, 518 (Tex. 1968). The court's primary object is to ascertain
and effect the intentions of the parties as expressed in the instrument. To achieve this goal, the
court considers the entire instrument so as to render none of its provisions meaningless. R & P
Enters. v. LaGuarta, Gavrel & Kirk, 596 S.W.2d 517, 518-19 (Tex. 1980). If a contract is so
worded that a court can give it a definite legal meaning, it is not ambiguous. Id. at 519. 

 Both the original note and the deed of trust contained clauses authorizing
acceleration if appellees defaulted in paying the first-lien note. The note provided for acceleration
on default in paying the first-lien note as follows: 



[I]t is expressly stipulated that should default be made in the payment of [the first-lien] note, or any part thereof, principal or interest, as the same shall become due
and payable, or in any of the covenants of the Deed of Trust securing the same, the
indebtedness evidenced by this $160,000.00 note, at the option of the holder
hereof, shall at once become due and payable.



The deed of trust contained the following acceleration clause:



[G]rantor expressly covenants and agrees that should default be made in the
payment of [the first-lien] note, or any part thereof, principal or interest, as the
same shall become due and payable, or in any of the covenants of the Deed of
Trust securing the payment thereof, the indebtedness evidenced by the $160,000.00
note hereby secured, at the option of the holder thereof, shall at once become due
and payable.



 The modification agreement did not expressly provide for acceleration on such a
default. The modification agreement, however, stated in paragraph seven: "All terms and
provisions of the Note and Deed of Trust, except as specifically modified in this Agreement, shall
remain in full force and effect."

 When a contract is modified by mutual consent of the original parties, it becomes
a new agreement, which takes the place of the old and consists of the new terms and as much of
the old as the parties have agreed shall remain unchanged. Maddox Motor Co. v. Ford Motor
Co., 23 S.W.2d 333, 338 (Tex. Comm. App. 1930, holding approved); Greenbelt Elec. Coop.,
Inc. v. Johnson, 608 S.W.2d 320, 325 (Tex. Civ. App.--Amarillo 1980, no writ); Texas Co. v.
Waggoner, 239 S.W. 354, 357 (Tex. Civ. App.--Amarillo 1922, no writ). The effect of paragraph
seven of the modification agreement was to incorporate into the new agreement all consistent
provisions of the original note and deed of trust.

 The purpose of the note and deed of trust was to effect a loan of money to
appellees secured by a second lien on real property; these documents therefore set out the terms
of the loan, the covenants appellees were to perform, and the remedies for breach of the
covenants. The purpose of the modification agreement was to restructure the payment terms of
the note in view of the decline in the local real estate market and appellees' difficulty in meeting
their obligations under the first- and second-lien notes. The provisions in the note and deed of
trust for acceleration if appellees defaulted on their first-lien note are not inconsistent with any
term of the modification agreement. We determine that the contract as modified is unambiguous
and that it retained these acceleration provisions. Because the construction of an unambiguous
written instrument is a question of law for the court, we hold that as a matter of law the contract
authorized acceleration on default in the first-lien note. City of Pinehurst, 432 S.W.2d at 518.

 Appellees argue that the modification agreement prohibited acceleration on default
in the first-lien note because, while it included a clause authorizing acceleration on sale of the
collateral, it omitted a clause authorizing acceleration on default in the first-lien note. By applying
the rule that consistent terms are incorporated into the modified agreement, however, we conclude
that the loan documents authorized appellants to accelerate the note if appellees defaulted in paying
their first-lien note even though the modification agreement did not explicitly repeat the clause
authorizing such acceleration. Crown W. Inv., Inc., 504 S.W.2d at 789. Because we sustain
point of error five, we do not address points one through four and six through nine. 

 In point of error sixteen, appellants contest the trial court's conclusion that their
failure to give notice of intent to accelerate defeated their demand for acceleration. Appellants
argue that as a matter of law appellees agreed to waive their right to notice of intent to accelerate.

 The harshness of the option of acceleration requires that the terms of the option and
notice to the debtor be strictly construed and that a waiver of the notice of intent to accelerate be
clear and unequivocal. Shumway v. Horizon Credit Corp., 801 S.W.2d 890, 893 (Tex. 1991). 
The parties' original note provides: "Maker and each surety, endorser, and guarantor waives all
demands for payment, presentations for payment, notices of intention to accelerate maturity,
protests, and notices of protest." The parties do not dispute the clarity of this language in waiving
notice of intent to accelerate; rather, they dispute its applicability to acceleration in this case based
on its placement within the loan documents. 

 The waiver quoted from the note followed a sentence authorizing acceleration on
default in paying the second-lien note. The loan documents contained only this waiver of notice
of intent to accelerate. The note, deed of trust, and modification agreement each contained other
clauses allowing acceleration under various conditions, such as default on the first-lien note, sale
of the collateral, and bankruptcy. Appellees argue that because a waiver of notice of intent to
accelerate did not appear next to the clause authorizing acceleration on default in the first-lien
note, such notice was not waived. 

 In express terms, appellees agreed to waive "all demands for payment,
presentations for payment, notices of intention to accelerate maturity, protests, and notices of
protest." It is standard English syntax that when "all" precedes the first in a series of nouns that
have no other modifier, it applies to each noun in the series, as in the example, "All shoes, hats,
and belts will be on sale tomorrow." E.g., Holliday v. Smith, 458 S.W.2d 106, 110-11 (Tex.
Civ. App.--Corpus Christi 1970, writ ref'd n.r.e.) (provision in will, "I give and bequeath to my
son, . . . all cash, notes, bonds and any and all other personal property," devised all personal
property to son). 

 The parties' use of the plural indicates that the waiver extended to acceleration
under each acceleration clause in the loan documents. Placing this waiver next to only one of
several acceleration clauses does not limit its application to acceleration under that clause alone. 
Appellees clearly and unequivocally agreed in the loan documents to waive notice of intent to
accelerate. We conclude that the waiver of notice of intent to accelerate is unambiguous and that,
as a matter of law, appellees agreed to waive this notice if they defaulted on the first-lien note. 
We sustain point of error sixteen. Because of our disposition of this point, we do not address
point of error fifteen.

 In point of error eleven, appellants contest the trial court's conclusion that the
parties' agreement to defer payment of the balance of the note to March 21, 1996, estopped
appellants from acceleration. Appellees claim that their affirmative defense of estoppel was based
on estoppel by contract. Under this theory, a party to a contract cannot take a position
inconsistent with its provisions to the prejudice of another. Ex parte Payne, 598 S.W.2d 312, 317
(Tex. Civ. App.--Texarkana 1980, orig. proceeding); Hawn v. Hawn, 574 S.W.2d 883, 886 (Tex.
Civ. App.--Eastland 1978, writ ref'd n.r.e.). Appellees contend that they had a clear and
unequivocal right under the modification agreement to postpone payment until March 21, 1996,
and that appellants' asserted right to accelerate imposes a condition on the contract inconsistent
with its terms.

 The parties did not agree when they modified the note that the balance of the debt
was unconditionally due on March 21, 1996. We have determined that the parties' agreement
unambiguously allowed appellants to declare the balance due if appellees defaulted in paying the
first-lien note. Appellees, who rely on the contract at least partially, cannot contradict its terms. 
Kingsbery v. Phillips Petroleum Co., 315 S.W.2d 561, 573 (Tex. Civ. App.--Austin 1958, writ
ref'd n.r.e.). The trial court erred as a matter of law in concluding that the terms of the contract
estopped appellants from acceleration. We sustain point eleven and, because of its disposition,
do not address point ten. 

 In point of error twelve, appellants challenge the evidence to support the trial
court's finding that they waived the right to accelerate. The court found that appellants' inaction
after appellees' default on the first-lien note was intentional conduct inconsistent with their claim
to accelerate. Whether appellants waived the right to accelerate is a question of fact to be decided
by the factfinder. Estes v. Wilson, 682 S.W.2d 711, 714 (Tex. App.--Fort Worth 1984, writ ref'd
n.r.e.). Waiver is an affirmative defense which appellees had the burden to prove. Tex. R. Civ.
P. 94. 

 Appellants contest both the factual and legal sufficiency of the evidence to support
the trial court's finding. Because appellants pray only that this Court reverse the trial court's
judgment and render judgment in their favor, however, we will treat their evidentiary point as a
"no-evidence" point. Riess v. Appraisal Dist., 735 S.W.2d 633, 636 (Tex. App.--Austin 1987,
writ denied); e.g., McGowan v. Pasol, 605 S.W.2d 728, 731 (Tex. Civ. App.--Corpus Christi
1980, no writ). We review appellants' no-evidence challenge by considering only the evidence
and inferences tending to support the finding, disregarding all evidence and inferences to the
contrary. If any probative evidence supports the finding, we must uphold it. Southern States
Transp., Inc. v. State, 774 S.W.2d 639, 640 (Tex. 1989).

 Appellants admit that when they agreed to modify the note in March 1988, they
knew that appellees had defaulted on the first-lien note. Appellee Martens testified that appellees
remained in default on the first-lien note from 1988 onward. By letter dated August 30, 1990,
appellants notified each appellee that appellants had exercised their option to accelerate payment
of the note.

 Appellants could lose their optional right to accelerate the maturity of the note if
they acted in a manner inconsistent with that right. San Antonio Real-Estate Bldg. & Loan Ass'n
v. Stewart, 61 S.W. 386, 389 (Tex. 1901); Vaughan v. Crown Plumbing & Sewer Serv., Inc., 523
S.W.2d 72, 75 (Tex. Civ. App.--Houston [1st Dist.] 1975, writ ref'd n.r.e.). An obligee's
acquiescence in past defaults, however, waives only the option to accelerate on the past defaults. 
McGowan, 605 S.W.2d at 732; Hiller v. Prosper Tex, Inc., 437 S.W.2d 412, 414 (Tex. Civ.
App.--Houston [1st Dist.] 1969, no writ). Once the obligor on a note knows that he can no longer
rely on the obligee to further waive its right to insist on strict compliance with the note, the
waiver is no longer effective. Bowie Nat'l Bank v. Stevens, 532 S.W.2d 67, 68 (Tex. 1976); In
re Marriage of Rutherford, 573 S.W.2d 299, 301 (Tex. Civ. App.--Amarillo 1978, no writ); Iden
v. Lippard, 166 S.W.2d 185, 186 (Tex. Civ. App.--Waco 1942, no writ). 

 The supreme court has held that an obligee's oral notice to the obligor that notice
of foreclosure has been posted charges the obligor with sufficient knowledge that the obligee no
longer waives its right to insist on strict compliance. Bowie Nat'l Bank, 532 S.W.2d at 68. 
Appellants' August 30th letter to appellees informed them that appellants had exercised their
option to accelerate and made demand on appellees to pay the remaining principal balance within
30 days. This letter charged appellees with knowledge that they could no longer rely on
appellants to further waive their right to accelerate. E.g., Iden, 166 S.W.2d at 186 (obligor's
receipt of acceleration letter and knowledge that notice of foreclosure had been posted was
sufficient knowledge). Because appellants' initial inaction waived the right to accelerate only as
to past defaults and because appellees had sufficient knowledge that the waiver was no longer
effective, we determine that no evidence supports the finding that appellants waived their right to
accelerate on appellees' default under the first-lien note. We sustain point of error twelve. 
Because of our disposition of point twelve, we do not address points thirteen and fourteen. 

 Because we determine that the loan documents authorized appellants to accelerate
the maturity of the note, we overrule appellees' cross-points concerning breach of contract.

 In point of error seventeen, appellants argue that the trial court erred in failing to
grant their motion for leave to file a second trial amendment, which concerned attorney's fees. 
In their original petition, appellants alleged that the note provided for reasonable attorney's fees. 
The note stipulated that reasonable attorney's fees were ten percent of the amount due, unless
either party pleaded otherwise. At trial, appellants' attorney testified that appellants agreed to pay
him a contingent fee of one-third of the amount recovered if trial were necessary, plus separate
amounts for opposing a motion for new trial and pursuing an appeal and application for writ of
error. He further testified that this fee was a reasonable and necessary attorney's fee in Austin,
Travis County, Texas. Appellees did not object to appellants' evidence.

 After trial, but before judgment, appellants moved for leave to file a trial
amendment to conform their pleading of attorney's fees to the evidence. The trial amendment is
part of the transcript on appeal and contains appellants' allegations that one-third of the recovery,
plus amounts for filing a motion for new trial and an appeal, applying for writ of error, and
presenting argument before the supreme court, was a reasonable fee in this case. The record does
not affirmatively show that the court granted leave to amend. 

 A party may file late amendments to pleadings with leave of the court; the court
must grant leave unless the opponent shows surprise. Tex. R. Civ. P. 63; see Greenhalgh v.
Service Lloyds Ins. Co., 787 S.W.2d 938, 939-40 (Tex. 1990). Rule 63 is to be liberally
construed. Unless the record affirmatively shows that the court refused to file the amended
pleading or the opposing party has shown surprise, leave to file is presumed. Lee v. Key West
Towers, Inc., 783 S.W.2d 586, 588 (Tex. 1989); Goswami v. Metropolitan Savings & Loan
Ass'n, 751 S.W.2d 487, 490 (Tex. 1988). Here, the record does not affirmatively show that the
court refused to file appellants' amendment. Appellees showed no surprise or prejudice. We
therefore presume that the court granted leave to file the amended pleading. We overrule point
of error seventeen.

 In point of error eighteen, appellants contend that the trial court erred in failing to
award attorney's fees. Appellants seek attorney's fees as provided in the parties' contract. The
maker of a note that provides for an attorney's fee is not liable for the fee unless he is in default. 
Ware v. Paxton, 266 S.W.2d 218, 227 (Tex. Civ. App.--Eastland 1954, writ ref'd n.r.e.). 
Because we do not determine whether appellants have prevailed on their claim for payment on the
note, we overrule point of error eighteen.

 Our determination that the loan documents authorized appellants to accelerate, that
notice of intent to accelerate was waived, and that neither waiver nor estoppel applies requires a
reversal of the trial court's judgment. See Tex. R. App. P. 81(b)(1). To recover on the note,
however, appellants had to prove appellees' failure to pay the amount due. Pierson v. Pierson,
128 S.W.2d 108, 112 (Tex. Civ. App.--Amarillo 1939), rev'd on other grounds, 150 S.W.2d 788
(Tex. 1941). The trial court did not find that appellees failed to pay. We therefore reverse the
judgment of the trial court and remand the cause for further proceedings consistent with this
opinion.


[Before Justices Powers, Aboussie and B. A. Smith]

Reversed and Remanded

Filed: September 16, 1992

[Do Not Publish]